■ In the Matter of KARIEM AL SABAA (CYRIL MORGAN), Appellant, v. J. LELAND CASSCLES, as Superintendent of Great Meadow Correctional Facility, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered July 12, 1973 in Washington County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition. On April 16, 1964, petitioner was convicted of robbery, third degree, and sentenced to a term of 5 to 10 years. He was released on parole on October 30, 1968. On May 6, 1970, he was declared delinquent for failure to report to his parole officer. Thereafter, on October 27, 1970, petitioner was arrested upon several charges and, as a result, was convicted of attempted assault. He was sentenced on August 12, 1971 to an indeterminate term of three years, to run concurrently with the parole time owed on his original sentence, and with credit for jail time served (297 days). Petitioner was returned to the Ossining Correctional Facility on August 20, 1971, and charged with delinquent time for the period from May 6, 1970 to August 20, 1971 which was added to the maximum expiration date of his original sentence. The jail time served was credited to his new sentence, but not to his owed parole time. On this appeal petitioner contends he was denied equal protection of the law, since he was required to serve a longer sentence because he was unable to furnish bail. He argues that, had he been financially able to post bail, the jail time would have been credited to the parole time owed. With this contention we do not agree. Petitioner relies on *McGinnis* v. *United States ex rel. Pollack* (452 F. 2d 833) and *Matter of Blake* v. *New York State Dept. of Correc-*

*tion* (70 Misc 2d 671), and on section 70.40 (subd. 3, par. [a]) of the Penal Law. Initially, we note there is no showing in the record that petitioner was indigent or that bail was set. Assuming *arguendo* that such was the case, however, the *Pollack* and *Blake* decisions are clearly distinguishable. In the *Pollack* case the time spent in jail awaiting trial on the subsequent charge exceeded the ultimate sentence on that charge and the court held the extra time must be credited on the prior parole obligation. The court declared that there was a denial of equal protection after the parolee had served more time than owed on the second sentence. "merely because he had not been able to furnish bail." (*McGinnis* v. *United States ex rel. Pollack, supra,* p. 836.) In *Blake* (*supra*), the court held that the petitioner who could not financially make bail was entitled to a credit for time served in a local jail against his parole time owed because he had been conditionally discharged on the second charge and the length of that sentence had been left to the Department of Correction. This was a logical extension of *Pollack.* While petitioner bases this appeal on section 70.40 (subd. 3, par. [a]), we recognize that former section 218 of the Correction Law applies to petitioner's original sentence. (See *People ex rel. Breedan* v. *Zelker,* 41 A D 2d 669.) None of the conditions set forth in either statute, however, have been met by petitioner, nor are the circumstances of *Pollack* or *Blake* present. Here, petitioner's subsequent sentence was a definite maximum sentence. The time owed both on his original sentence and the new sentence exceeded the amount of jail time served, and we conclude that the jail time was properly credited to the subsequent sentence. (Penal Law, § 70.30, subd. 3.) If petitioner had been released on bail on the charges culminating in the second sentence, that sentence, nevertheless, exceeded the jail time served by more than two years. It is the excess time served over the length of the subsequent sentence which must be credited to the parole time owed under the original sentence in order that equal protection be afforded to those unable to furnish bail. Under the circumstances here presented, to hold that the jail time served should be credited also against the parole time owed would, in effect, constitute an unwarranted dividend to petitioner. Significantly, in *Pollack,* it was only the extra time served which was credited against the time remaining on the original sentence. We note that the court in *Pollack* was careful not to invalidate "cases which hold that the execution of parole violation warrants can be delayed pending the disposition of new charges and that time served on those new charges, if not in excess of the sentence, need not be credited against the uncompleted sentence." (*McGinnis* v. *Pollack,* 452 F. 2d 833, 836, *supra.*) Consequently, in our opinion, the petition was properly dismissed. Judgment affirmed, without costs. Greenblott, J. P., Cooke, Sweeney, Kane and Main, JJ., concur.