Guy A. Graves, J.
In this CPLR article 78 proceeding, there was no dispute over the facts; the sole question was whether petitioner was entitled to a credit for "jail time” from June 22, 1974 to December 18, 1974 against his maximum expiration date as computed by respondent. Petitioner had been out on parole from his first felony sentence for a term of 0 to 8 years; was declared delinquent on April 1, 1974 when he "owed” 5 years, 7 months and 10 days and then arrested for a new crime on June 22, 1974. At the same time, a parole delinquency warrant was lodged against him.
Petitioner argues that he was thus in "constructive custody” of the Correction Department, that his original sentence resumed at the time the parole warrant was lodged against him, and that he should be allowed to credit the jail time accrued while awaiting trial and sentence against his first sentence as well as the second sentence of 2 Vi to 5 years which he received on December 13, 1974 with commitment on December 18, 1974, and which was to run "concurrently with any other sentence.”
Respondent contends that the jail time credit was properly applied only to the second sentence and that under section 70.40 (subd 3, par [c]) of the Penal Law none of the above could be credited to petitioner’s original sentence.
No cases directly supporting petitioner’s position were advanced by counsel.
However, in Matter of Al Sabaa v Casscles (43 AD2d 990), a generally parallel situation existed, except in the report there is no indication a delinquency warrant was issued or lodged at the time of arrest for the two offenses as happened in the instant case. In the Al Sabaa case (supra), the Appellate Division held (p 991) the "time owed both on his original sentence and the new sentence exceeded the amount of jail time served, and we conclude the jail time was properly credited to the subsequent sentence. (Penal Law, § 70.30, subd. 3.)” The court further stated (p 991) it "is the excess time served over the length of the subsequent sentence which must be credited to the parole time owed under the original sentence in order that equal protection be afforded to those unable to furnish bail. Under the circumstances here presented, to hold that the jail time served should be credited *668 also against the parole time owed would, in effect, constitute an unwarranted dividend to petitioner.”
Petitioner distinguishes the above case from his own by-pointing out that a delinquency warrant was lodged against bim at time of the second arrest and that under a "constructive custody” theory, his original sentence resumed while he was in custody and therefore while serving merged concurrent sentences, the longer of which should be satisfied in view of section 70.30 of the Penal Law, he should be credited on both with the full jail time he accumulated while awaiting disposition of the second charge and second sentencing.
Petitioner cites two cases in support of this concept: In the first, petitioner was held in one county on a charge and while in custody, another and separate charge was lodged against him by a second county. The petitioner pled guilty to the first charge and before sentencing, was transferred to the second county for trial where he pled guilty to the other offense.
He was subsequently sentenced on each crime and received concurrent sentences. The Appellate Division reversed Special Term, stating that the sentences had merged under section 70.30 of the Penal Law and are satisfied by the term that has the longest unexpired time to run, which happened to be that received in the second county. The court held that petitioner was entitled to be credited for the total jail time accrued in the first and second counties because from the date of the issuance of the second county’s warrant, he was in "constructive custody” thereof, and that accordingly, where such sentences run concurrently, the credit should be applied against each such sentence. (People ex rel. Middleton v Zelker, 42 AD2d 998, affd 36 NY2d 691.) This case, of course, may be distinguished from our instant case in that no parole delinquency was involved and that the period of custody or jail time was continuous while awaiting the resultant concurrent sentences. The result, despite the dissenting opinion, could properly be described as in harmony with the letter and intent of section 70.30 of the Penal Law.
The final case submitted by petitioner cited Middleton v Zelker (supra) and merely held that under Section 70.30 (subd 1, par [a]) of the Penal Law, concurrent sentences merged in and are satisfied by the term which has the longest unexpired term to run; further, "that when the charge or charges culminate in more than one sentence and such sentences run concurrently, then credit shall be applied against each such *669 sentence.” (Matter of Manning v Vincent, 45 AD2d 1009, 1010.) Again, it must be noted that no parole violation was involved and that the decision confines itself to an interpretation of section 70.30 of the Penal Law solely, as it applies to concurrent sentences.
That the result in the above two cases conforms to the requirements of section 70.30 of the Penal Law and essential justice in each case so far as concurrent sentencing is concerned is not doubted by this court.
In the instant case, however, a parole violation situation is involved and the application of the constructive custody theory to set aside the literal interpretation of section 70.40 (subd 3, par [c], cl [iii]) of the Penal Law is questionable.
Section 70.40 (subd 3, par [c]) of the Penal Law, as amended, extended the rule mandated by McGinnis v United States ex rel. Pollack (452 F2d 833) with respect to parole violators.
Therein, as stated by the Appellate Division in Al Sabaa v Casscles (supra, p 991) the Federal court decision held that "the time spent in jail awaiting trial on the subsequent charge exceeded the ultimate sentence on that charge and the court held the extra time must be credited on the prior parole obligation.”
Moreover, in Pollack, the court was careful not to invalidate "cases which hold that the execution of parole violation warrants can be delayed pending the disposition of new charges and that time served on those new charges, if not in excess of the sentence, need not be credited against the uncompleted sentence.” (McGinnis v Pollack, supra, p 836.)
In the present case, though a parole warrant was lodged, it was not executed in the sense defendant was "return[ed] * * * to an institution under the jurisdiction of the state department of correction.” (Penal Law, § 70.40, subd 3, par [a].)
If constructive custody in this set of circumstances could operate to terminate the interruption of the original sentence by the parole delinquency, then it would be difficult to understand the purpose and meaning of section 70.40 (subd 3, par [c]) which differentiates the situations in which jail time is credited.
Full credit is given in clauses (i) and (ii), where custody was due to an arrest or surrender based upon the delinquency and where it arose from an arrest plus an acquittal or dismissal, respectively.
*670 But, limited credit is provided in clause (iii) where a conviction resulted from a new offense committed during the parole period.
It would seem anomalous to afford a defendant the possibility of that "unwarranted dividend” referred to in Al Sabaa (supra, p 991): a parole violator who was in custody pending conviction of a crime might receive the same credit as a delinquent who surrendered or who was acquitted.
That this is not the meaning or intent of section 70.40 (subd 3, par [c]) of the Penal Law is carefully expressed in the Practice Commentaries to section 70.30 of the Penal Law (McKinney’s Cons. Laws of N.Y., Book 39, p 255) where, in discussing section 70.30 of the Penal Law, the commentator wrote: "Subdivisions 6 and 7 were amended by L. 1974, c. 465, to extend the rule enunciated in § 70.40(3), as amended by L. 1973, c. 478, which was mandated by United States ex rel. Pollack v. McGinnis, 472 F.2d 833, with respect to a parole violator. Since the jail credit situation with respect to an escapee or an absconder parallels that of a parole violator, the logic of the instant amendments is inescapable. The Pollack holding, as codified in paragraph (c) of subdivision 3 of § 70.40, requires that when a parolee violates his parole by committing a new crime, if the time he spends in detention awaiting disposition of the new charge exceeds the sentence of imprisonment he eventually receives upon conviction thereof, the excess jail time is to be credited against his prior sentence of imprisonment. Under the amendments of subdivisions 6 and 7 of § 70.30, the same treatment is accorded an escapee or an absconder from temporary release in like circumstances.”
Although the interests of justice and public convenience are laudably served by reducing excessive sentences, this court is unable to ascertain the public advantage in extending a legal fiction for the benefit of a parole violator who is convicted of a crime during his delinquency.
Petition denied.