Harold J. Hughes, J.
This is a proceeding pursuant to CPLR article 78 to compel the respondents Commissioner of the Department of Correctional Services and the State Board of Parole to recompute the parole eligibility dates of four prisoners. The respondents have moved to dismiss the petition upon several grounds, including: (1) petitioner lacks standing to initiate this proceeding; (2) petitioner has failed to join indispensable parties; and (3) petitioner has failed to state facts sufficient to entitle him to the relief sought.
The first issue is whether the petitioner, as District Attorney, has standing to challenge the actions of the respondents in setting parole eligibility dates of the four prisoners. Petitioner states that in computing the parole eligibility date of a prisoner, it is the policy of the Board of Parole to credit a prisoner with time served on a prior sentence if the new sentence was imposed while he was still on parole and the *912 new sentence was not specifically made to run consecutively. Petitioner contends that this policy violates the Penal Law (§ 70.30, subd 1, par [a]).
The court holds that petitioner has standing to bring this proceeding since a District Attorney has the duty to take all necessary steps to see that criminal sentences imposed in his county are carried into effect (see Matter of Lewis v Carter, 220 NY 8; Matter of People ex rel. Woodin v Ottaway, 129 Misc 120, 123, affd 222 App Div 711, affd 247 NY 493).
The statute under consideration provides in substance that where a person is under more than one indeterminate sentence, the sentences shall be calculated as follows: if the sentences run concurrently, the time served under imprisonment on any of the sentences shall be credited against the minimum periods of all the concurrent sentences, and the maximum terms merge in and are satisfied by discharge of the term which has the longest unexpired time to run. Petitioner argues that the practice of crediting a prisoner who has served time on a prior sentence with the time served against the minimum term of a second concurrent sentence produces an absurd result in that it favors the second time offender. Petitioner asserts that section 70.30 (subd 1, par [a]) of the Penal Law must be read in conjunction with section 70.25; when read together the sections provide that, when sentences are imposed at different times, the only portion of the prior sentence which runs concurrently with relation to the later sentence is the undischarged portion. Thus, the time served under the previous sentence is excluded from concurrency, and there can be no credit on the minimum portion of the new sentence for that time.
The court concludes, however, that upon a plain reading of the statute, respondents are correct in crediting the time served under imprisonment on any concurrent sentence against the minimum periods of all the concurrent sentences (see Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 70.30, pp 248-249; see, also, McKinney’s Cons Laws of NY, Book 1, Statutes, § 76).
The courts in construing statutes should avoid judicial legislation; the judicial function is to interpret, declare and enforce the law, not to make it (McKinney’s Cons Laws of NY, Book 1, Statutes, § 73). This court does not agree with the petitioner that the construction urged by the respondents and the Attorney-General is absurd. The courts must read statutes *913 as they are written and, if the consequences seem unwise, unreasonable, or undesirable, the argument for change is to be addressed to the Legislature, not to the courts (see People v Kupprat, 6 NY2d 88, 90).
It is the court’s opinion that the four prisoners, Lawrence Gill, John Comito, Ralph Johnson, and William O’Malley, should have been named as respondents (CPLR 1001, subd [a]). They should be served with all the papers involved in this proceeding, including the decision of this court and the order to be entered hereon so that they might participate in any appeal taken by petitioner. The motion to dismiss the petition shall be granted, without costs.