■ In the Matter of CARL A. VERGARI, as District Attorney of Westchester County, Appellant, v BENJAMIN WARD, as Commissioner of the Department of Correctional Services, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered January 14, 1977 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to compel respondents to recompute the parole eligibility dates of four persons incarcerated in State correctional facilities. The petitioner contends that as a matter of law the respondents erred in computing the parole eligibility dates of multiple offenders by crediting them with time served on a prior undischarged sentence for purposes of the minimum period of a newly imposed concurrent sentence (Penal Law, § 70.30, subd 1, par [a]; § 70.25, subd 1). While petitioner characterizes the credit of time served on prior sentences in computing the minimum served on a subsequent concurrent sentence as "preposterous", we affirm for the reasons set forth by Special Term in its decision *(Matter of Vergari v Ward,* 88 Misc 2d 911). In addition, this court has only recently held that time served on prior undischarged sentences made concurrent by a sentencing court with a new sentence is to be credited in computing the completion date of the minimum sentence for purposes of *parole eligibility (People ex rel. Ternaku v LeFevre,* 58 AD2d 932). Judgment affirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur. [88 Misc 2d 911.]