OPINION OF THE COURT
Aaron E. Klein, J.
Petitioner, Robert Witteck, brings this CPLR article 78 proceeding for a court order to direct the Superintendent of the Wallkill Correctional Facility and the New York State Department of Correctional Services to modify petitioner’s minimum parole eligibility date from August 30, 1981 to November 18, 1976 by crediting petitioner with four years, nine months and 12 days of time petitioner served in the State of Florida under a previously imposed Florida sentence.
This proceeding was brought on by order to show cause signed by Mr. Justice Joseph Jiudice on March 17, 1978.
The operative facts here, apparently undisputed, are as follows:
*586 1. Petitioner was sentenced to serve a 20-year term of imprisonment in Florida on March 18, 1968.
2. Petitioner served his Florida sentence from April 24, 1968 until his discharge on parole on February 6, 1973 — a period of four years, nine months and 12 days.
3. On January 28, 1976 petitioner was sentenced upon conviction after trial to two indeterminate sentences of imprisoment which were specifically directed to run concurrent with each other and with any period of imprisonment to be served in the State of Florida, to wit: (a) for attempted robbery in the first degree (6-12 years) and, (b) for attempted robbery in the second degree (3½-7 years) both in satisfaction of indictment No. 43205.
4. Petitioner was committed to the custody of respondent New York State Department of Correctional Services and received at the Ossining Correctional Facility on February 6, 1976.
5. Respondents’ current calculation* of the minimum parole eligibility date as August 30, 1981 allows no credit for prior time served under imprisonment in the State of Florida.
6. Respondents resist petitioner’s request to have the time served in Florida credited against his New York sentence.
DECISION
The question before the court is whether respondents acted properly under subdivision 4 of section 70.25, section 70.30 (subd 1, par [a]), and subdivision 2-a of section 70.30 of the Penal Law by failing to include the time served by petitioner in Florida in the calculation of petitioner’s minimum parole eligibility date in New York.
In Vergari v Ward (60 AD2d 949) a unanimous court said: "this court has only recently, held that time served on prior undischarged sentences made concurrent by a sentencing court with a new sentence is to be credited in computing the completion date of the minimum sentence for purposes of *587 parole eligibility (People ex rel. Ternaku v Lefevre, 58 AD2d 932).”
The fact that the previous jail time served here was in Florida does not appear to affect the fact that such time should have been credited to petitioner here if the words "previous time by a court of another jurisdiction” contained in subdivision 4 of section 70.25 and subdivision 2-a of section 70.30 of the Penal Law are to be given a plain interpretation as they are written in those statutes.
Accordingly, the court finds respondents erred in not giving petitioner credit for prior time served in Florida on a sentence which was to run concurrent with the sentences imposed in New York by direction of the sentencing Judge.
The relief sought in the petition is, therefore, granted and the objections in point of law raised by respondents are held to be without merit.

 Exhibit 4B attached to the petition dated March 15, 1978 is a letter dated December 26, 1977 from petitioner’s attorney to the chief counsel of the New York State Department of Correctional Services. That letter reveals that the credit for time served in Florida State prison at issue here was first credited to petitioner when he was incarcerated at the Clinton Correction Facility, and then taken away from petitioner by the head clerk at the Eastern Correctional Facility.