OPINION OF THE COURT
George L. Cobb, J.
In this CPLR article 78 proceeding, an inmate of a correctional facility challenges the manner in which the respondents have computed the minimum and maximum term of his present sentence.
*865 Having been convicted of robbery in the third degree, the petitioner, on May 26, 1972, received a reformatory sentence of no minimum and a maximum of 4 years pursuant to article 75 of the Penal Law, which article was thereafter repealed (see L 1974, ch 652, as amd by L 1974, ch 653). After serving 1 year 3 months and 21 days of that sentence, he was released on parole and on Márch 15, 1976, upon his guilty plea, he was sentenced upon a charge of robbery in the first degree to a term of not less than 5 nor more than 10 years, said sentence to run consecutively with the reformatory sentence. Since petitioner was declared delinquent as of September 18, 1975, the respondents determined that his reformatory delinquent time, which was the unserved portion of his reformatory sentence, was 5 months and 4 days.
As a result of the holding in Matter of Balmer v New York State Bd. of Parole (54 AD2d 979, affd 42 NY2d 939), and the various interpretations accorded it, respondents have twice recalculated the minimum and maximum expiration dates of petitioner’s indeterminate sentence, and those dates are now April 21, 1981 and April 21, 1986, respectively. In fixing the date of April 21, 1981, the respondents added to petitioner’s 5-year mimimum sentence the said delinquent time of 5 months and 4 days and failed to credit to that sentence the 1 year 3 months and 21 days he had served under his reformatory sentence; and in fixing the date of April 21, 1986, the respondents added to petitioner’s 10-year maximum sentence the said delinquent time of 5 months and 4 days. Although respondents in this proceeding concede that the delinquent time should not have been added to his minimum sentence of 5 years, they maintain that, in all other respects, their most recent computation is correct; whereas, petitioner says that he is entitled to the above credit and that the delinquent time should not be added to either term of imprisonment.
In Matter of Balmer v New York State Bd. of Parole (supra), the issue was whether or not reformatory delinquent time could properly be added to the maximum term of a subsequent indeterminate sentence when the sentencing court had directed that said term should be served concurrently with a previously imposed reformatory sentence, and the Balmer court, in deciding that it could not, stated, in part, that "[t]he reformatory sentence statute being unconstitutional, the addition of reformatory delinquent time to petitioner’s new sentence violates his right to equal protection of the *866 laws.” (Matter of Balmer v New York State Bd. of Parole, 54 AD2d supra, at p 980.) If the March 15, 1976 judgment convicting this petitioner had directed that this petitioner’s indeterminate sentence should run concurrently with his previously imposed reformatory sentence, or, if that judgment was silent on the point, it is obvious that respondents could not properly demand that petitioner serve his delinquent time before he began to serve the maximum term of his indeterminate sentence (Matter of Balmer v New York State Bd. of Parole, supra; Matter of Austen v Superintendent, Supreme Ct, Westchester County, April 13, 1977, Marbach, J.). The respondents, however, say that, since the March 15, 1976 judgment directed that the indeterminate sentence run consecutively to the reformatory sentence, the delinquent time was properly added to the maximum term. This argument, however, assumes that the sentencing court could direct action which was thereafter found to be unconstitutional in Balmer (supra). Since no court has the power to direct unconstitutional action, this court will sustain the position of the petitioner concerning the computation of his maximum term of imprisonment.
As for petitioner’s claim that he should receive credit on his minimum sentence for the 1 year 3 months and 21 days he served on his reformatory sentence, the applicable statute (Penal Law, § 70.30, subd 1, par [a]) would allow such credit only if the reformatory sentence is treated as an indeterminate sentence and the two sentences are treated as running concurrently (cf. Matter of Austen v Superintendent, supra). However, the petitioner cites no statutory or case authority directly in point which would authorize such treatment in this case and the court knows of none. Matter of Balmer v New York State Bd. of Parole (supra) was concerned only with the computation of the maximum expiration date rather than the minimum, and Matter of Vergari v Ward (88 Misc 2d 911, affd 60 AD2d 949) holds only that, where a person is under more than one indeterminate sentence and all such sentences are to run concurrently, the time served in prison under any of the concurrent sentences must be credited against the minimum of all such sentences. Accordingly, the court finds that the petitioner is not entitled to receive credit on the minimum term of his indeterminate sentence for the time served pursuant to the reformatory sentence and that portion of the relief he seeks must be denied.
*867 The court will grant a judgment which declares that both the minimum and the maximum terms of 5 and 10 years, respectively, of the petitioner’s indeterminate sentence began to run on March 23, 1976, and that the said delinquent time of 5 months 4 days must be excluded from the calculation of each such term. In all other respects, the prayer of the petition will be denied.