OPINION OF THE COURT
Frederick B. Bryant, J.
In this proceeding brought pursuant to CPLR article 78 the petitioner challenges the respondents’ refusal to credit him with prior sentence time pursuant to section 70.30 (subd 1, par [a]) of the Penal Law.
On July 26, 1976 the petitioner was sentenced in Kings County to an indeterminate confinement with a maximum term of three years. He was released in 1978, on parole, having served 19 months of his 36-month term.
On December 7, 1978 the petitioner was sentenced in Suffolk County to three indeterminate terms, each with a maximum period of confinement of 15 years. In imposing sentence the court directed that they run concurrently with each other but made no direction whatsoever as to whether the sentences imposed were to run concurrently or consecutively with the “undischarged term of imprisonment imposed at a previous time” (Penal Law, §70.25). Therefore, pursuant to the provisions of section 70.25 (subd 1, par [a]) of the Penal Law indeterminate sentence im *132 posed was to run concurrently with all other terms, including the undischarged term of imprisonment imposed in 1976.
The petitioner was received into the custody of the Department of Correctional Services on December 19,1978 at which time his terms of imprisonment commenced to run. In accordance with section 259-i of the Executive Law the Parole Board thereafter set the minimum period of imprisonment at five years on each term.
The petitioner contends that the time served under imprisonment on the sentence imposed in 1976 should be credited against the minimum term fixed by the Parole Board since such earlier sentence was made to run concurrently with the 1978 sentence by operation of section 70.25 (subd 1, par [a]) of the Penal Law. He bases this contention on the provisions of section 70.30 (subd 1, par [a]) of the Penal Law which provides that a person serving one or more sentences which run concurrently is entitled to have the time served under imprisonment on any of the sentences applied against the minimum period of all concurrent sentences. Of course, the 17 months still due on the 1976 sentence has been served concurrently with the three sentences imposed in 1978. But the petitioner claims that the 19 months which he served under the Kings County sentence before being paroled should be applied against the five-year minimum fixed by the Parole Board, thus reducing the minimum sentence by that period of time.
Although it seems apparent that if the petitioner’s contentions are correct a person who commits a second crime while on parole after serving a part of his sentence of imprisonment has an advantage over one who unfortunately has no prior prison time to credit against the new sentence, the petitioner’s position seems to be correct. In the comments to the Penal Law (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 70.30, p 249) it is stated: “Under the revised Penal Law the minimum is not treated as a term. It is merely a period during which the Parole Board has no discretion to act. In the case of concurrent sentences, all of the minima are credited with time served under imprisonment on any of the sentences. Hence, in the foregoing example, if the *133 defendant has already served time under his prior sentence, and if the minimum in the new sentence does not exceed the time already served, the new sentence would not delay consideration for release on parol [sic]”. (People ex rel. Ternaku v LeFevre, 58 AD2d 932; Matter of Vergari v Ward, 60 AD2d 949; Matter of Witteck v Superintendent, Wallkill Correctional Facility, 94 Misc 2d 585; Akins v Smith, 480 F Supp 248.)
Each of the foregoing cases sustains the petitioner’s contentions. While the time served under the previously imposed sentence does not in any way affect the maximum term of imprisonment under all sentences, it must be applied against the minimum term fixed for purposes of parole consideration.
The respondents argue that section 70.25 (subd 1, par [a]) and section 70.30 (subd 1, par [a]) of the Penal Law apply only where the court fixes a minimum term when imposing an indeterminate sentence and that the Parole Board is therefore not bound to credit the term served under a previous sentence against thé minimum term fixed.
Section 259-i of the Executive Law which empowers the Parole Board to fix the minimum term of an indeterminate sentence where such term is not fixed by the court does not support this conclusion. After outlining the guidelines for the board’s determination of such minimum, the section states: “Such determination shall have the same force and effect as a minimum period fixed by a court” (Executive Law, § 259-i, subd 1, par [a]). This must be construed to mean that the same methods of calculating time of imprisonment provided by section 70.30 of the Penal Law apply whether the minimum is fixed by the court or by the Parole Board
The cases cited by the respondents in opposition to the plaintiff’s petition are not in point here. Matter of Qafa v Hammock (80 AD2d 952) and Matter of Friedman v Hammock (80 AD2d 976, affd 54 NY2d 799) each concerned the question as to whether the Parole Board had followed the guidelines set out in section 259-i of the Executive Law and in 9 NYCRR 8001.2 in fixing the minimum period of *134 imprisonment. In each case the court held that it must be presumed unless shown to the contrary that the board fulfilled its statutory duty and did consider the factors required. Nowhere in the guidelines, however, is there any provision that in fixing the minimum period of imprisonment the Parole Board is entitled to ignore the provisions of section 70.30 of the Penal Law as to calculation of time of imprisonment. In fact, in the instant case if the Parole Board determined that the petitioner should not be allowed to apply for parole until he had served five years on the new sentence they should have fixed the minimum sentence at six years and seven months.
The petition is granted and the respondents are directed to immediately credit all of the sentence served by the petitioner on his previously imposed sentence against the minimum of the concurrent sentences which petitioner is currently serving.