*896 OPINION OF THE COURT
Roger J. Miner, J.
By consent of the parties, this proceeding, originally brought on by writ of habeas corpus, will be treated as a proceeding pursuant to CPLR article 78 and the return of respondents will be treated as a motion to dismiss.
Petitioner was sentenced to a term of 0-5 years upon conviction for the crime of robbery, second degree. The Board of Parole has determined that petitioner’s minimum period of imprisonment (MPI) shall be 32 months including jail time. The board gave the following reasons for the MPI established: "Minimum established due to the seriousness of the present offense, Rob. 2nd (involving stickup of a Doctor and his family, who were handcuffed. In the light of the sentence structure (5 yrs.).” Petitioner seeks to review the board’s determination.
It is now settled that reasons must be given by the board in fixing MPI. (Matter of Speed v Regan, 50 AD2d 1100, affd 42 NY2d 1087.) However, the court cannot accept petitioner’s contention that the board failed to state a meaningful and adequate reason in fixing petitioner’s MPI. The board based its determination upon the seriousness of the crime and briefly described the crime. In the opinion of the court this constitutes a sufficient basis for the MPI determination. (Cf. Matter of Consilvio v New York State Bd. of Parole, 57 AD2d 955; Matter of Gonzague v New York State Bd. of Parole, 58 AD2d 707.) Whether the reasons given here would be adequate under the new criteria established by statute is a question that need not be reached. (Executive Law, § 259-i, subd 1; L 1977, ch 904, eff Jan. 1, 1978.)
Citing Coralluzzo v New York State Parole Bd. (420 F Supp 592, affd 566 F2d 375), petitioner claims that he is entitled to disclosure of certain items contained in his case file in order to respond to same at his MPI hearing. The United States Court of Appeals in that case referred to the "narrow scope” of its determination that the State must grant access to the petitioner’s file under certain circumstances. In Coralluzzo there was an allegation that the board considered erroneous material in the file and a basis for that allegation was demonstrated there. No such allegation is made in this proceeding.
The court rejects petitioner’s contention that the failure of the board to make a transcript of the MPI proceeding is violative of due process. Likewise rejected is the claim that *897 the decision fixing petitioner’s MPI at 32 months was arbitrary and capricious and frustrated the intent of the sentencing Judge.
Finally, it appears that this application is barred by the four months’ Statute of Limitations, since the MPI determination was made on or about May 25, 1977 and this proceeding was commenced some time after November 15, 1977. (CPLR 217.)
Motion granted. Petition dismissed.