■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN WALLACE, Respondent, v STATE OF NEW YORK et al., Appellants.—Judgment reversed and writ dismissed. Memorandum: County Court sustained relator's writ of habeas corpus and ordered him released after finding that the evidence before the Parole Board in this final revocation hearing was insufficient to support the board's determination that relator had violated the terms and conditions of his parole by possessing a shotgun and a razor. We previously reversed a similar decision made by County Court after the preliminary hearing (see *People ex rel. Wallace v State of New York,* 67 AD2d 1093). Before parole may be revoked, the board is required to find after a final hearing that relator violated the terms and conditions of parole by a preponderance of the evidence (Executive Law, § 259-i, subd 3, par [f], cl [viii]). The hearing officer need not follow the strict rules of evidence and any evidence offered may be accepted but there must be a residuum of legal evidence to support the findings *(Matter of Carroll v Knickerbocker Ice Co.,* 218 NY 435, 440; *Matter of Ayala v Toia,* 59 AD2d 739). On August 18, 1978 relator was involved in a fight with one Joseph Dees outside a bar in Rochester. Police later found him, badly wounded, sitting in the passenger seat of a car parked in a shopping center plaza some miles away. One of the police officers found a razor in the car in the vicinity of the passenger seat, and the police also found a shotgun under the car near the passenger's seat. A quantity of shotgun ammunition, a shoulder holster and shell casing were also found in the car. Some of this evidence was hearsay because only one police officer testified at the revocation hearing and he did not observe all the items. The officer testified, however, that during his investigation the other occupants of the car told him that the shotgun belonged to the relator. Relator testified and admitted that he possessed the gun but contended that

he had taken it away from Dees in the fight. His witnesses testified they saw relator with the shotgun after the fight but their testimony was intended to confirm that Dees was the aggressor. Dees was subpoenaed to testify but did not appear and the hearing officer adjourned the hearing to secure his presence. On the adjourned date Dees was once again under subpoena. In addition, the police had been unable to execute an outstanding warrant for his arrest charging him with parole violation. The hearing officer waived his presence and received the transcript of Dees' testimony from the preliminary examination as the statute permitted (Executive Law, § 259-i, subd 3, par [f], cl [v]; cf. CPL 670.10, subd 1). At the preliminary hearing Dees had testified that relator initiated the fight, that at the time relator had the shotgun under his coat in a shoulder holster and the razor on his person. During the fight, Dees said, relator shot him and cut him with the razor. The record of the final revocation hearing thus contains competent evidence sufficient to support the finding that relator violated his parole by possessing a shotgun and a razor, and County Court erred in sustaining the writ. In view of our disposition, it is unnecessary to consider the other points raised in the briefs.

All concur, except Cardamone, J. P. and Callahan, J., who dissent and vote to affirm the judgment, in the following memorandum: Early in the morning of August 18, 1978 relator was involved in a fight with Joseph Dees and at least one other man. During the scuffle a shotgun was discharged and relator was struck in the face with a pellet. Dees was seriously cut on the shoulder. A short time later the police discovered relator in a semiconscious condition seated in the front seat of an automobile that was parked near a medical building. Two other persons were in the back seat and the driver was nearby. A search revealed a sawed-off shotgun under the car and several live shot gun shells, a spent shell casing, a shoulder holster and a straight razor in the vehicle. Relator was arrested for possession of a dangerous weapon and transferred to a local hospital for treatment. A violation of parole warrant was issued and on August 21, 1978, upon his release from the hospital, relator was taken into custody. The indictment for possession of a dangerous weapon was later dismissed, with the consent of the District Attorney, upon a finding by County Court that the evidence adduced at the Grand Jury was insufficient, as a matter of law, to sustain the accusation. At the preliminary parole violation hearing three charges were brought against relator. The hearing officer determined that there was probable cause to believe that relator violated two conditions of his parole in that he possessed a firearm (the shotgun) and a weapon (the razor). No probable cause was found regarding the third charge, menacing the safety of another. A final revocation hearing was held on November 30, 1978. Since Joseph Dees, also a parolee and under indictment, had, in the meantime, absconded, his testimony given at the preliminary hearing was entered in the record. Relator and his witnesses testified that Dees and another man attacked relator without provocation and that Dees shot relator in the face. They also stated that relator took the shotgun from Dees and, fleeing, carried it and the associated paraphernalia off. Relator claimed that he took the weapon so that Dees would not be able to recover it and that he intended to, and did, dispose of it as soon as possible. Dee's testimony, of course, states that relator was the aggressor, that relator brought the shotgun into the conflict and that relator cut him with a razor. The hearing officer sustained Charge No. 1 (possession of a firearm) and Charge No. 2 (possession of a weapon). He found that the evidence did not sustain Charge No. 3. In sustaining the two charges the hearing officer wrote that he

credited the testimony of Police Officer Keenan and Norazetta Young. He also considered relator's admission that he took the shotgun. The hearing officer accorded very little or no credibility to the testimony of Joseph Dees. A violation charge may be sustained only if supported by a preponderance of the evidence produced at the hearing and the hearing officer must indicate the evidence upon which he relied in sustaining the charge (Executive Law, § 259-i, subd 3, par f, cls [vii], [xi]). The hearing officer stated in the parole revocation notice that he sustained Charge No. 2 on the testimony of Police Officer Keenan who testified that another officer told him that a straight razor had been found in the automobile near where relator had been sitting. On cross-examination Officer Keenan admitted that he never saw the razor either in the automobile or later. This is not sufficient evidence upon which to base a finding that relator possessed a razor as a weapon. Charge No. 1 was sustained on the testimony of Officer Keenan and Norazetta Young. In addition, relator admitted that he had possession of the shotgun after he wrestled it from Dees. Officer Keenan said that a shotgun was found under the automobile in which relator was sitting and that various articles associated with the weapon were found in the vehicle. He also stated that relator was "bleeding quite a bit", "was kind of floating in and out" and had to be transported to a hospital. Norazetta Young testified that she saw relator carrying the shotgun away from the fight. There is no doubt relator possessed the shotgun. This type of possession is not what is proscribed in the conditions of parole. Relator's testimony that he took the shotgun in order to keep it away from Dees is plausible. Although the hearing officer did not have to credit relator's explanation there is simply no evidence in the record to support the hearing officer's statement that "it is equally possible that [relator] took possession of the shotgun and the shells and the holster in order to plan retaliatory action against Mr. Dees". There being insufficient evidence to sustain the finding of the Board of Parole, County Court correctly granted the writ and the judgment is affirmed. (Appeal from judgment of Monroe County Court—habeas corpus.) Present— Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.