In the Matter of FRANK RUSSO, Respondent, v NEW YORK STATE BOARD OF PAROLE, Appellant.

Second Department, August 6, 1979

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (George D. Zuckerman* and *Charles A. Bradley* of counsel), for appellant.

*Warren S. Replansky* and *Daniel J. Steinbock* for respondent.

*Leon B. Polsky* (*Malvine Nathanson* of counsel), for the Legal Aid Society, *amicus curiae.*

## OPINION OF THE COURT

*Per Curiam.*

The New York State Board of Parole appeals from a judgment of the Supreme Court, Orange County, which (1) annulled its determination setting the petitioner's minimum period of imprisonment at a length greater than one third of his maximum sentence which had been imposed after trial; and (2) remanded the matter to the board for a new hearing at which the board was to set the minimum period of imprisonment at a length not in excess of one third of the four-year maximum sentence imposed. The appeal brings up for review so much of an order of the same court as, upon granting reargument, adhered to its original determination. The appeal from the judgment should be dismissed as academic.

The order should be affirmed insofar as reviewed.

Petitioner Russo was convicted of criminal solicitation in the first degree and was sentenced to an indeterminate term of imprisonment with a maximum of four years. Pursuant to subdivision 1 of section 259-i of the Executive Law, petitioner appeared before the Board of Parole shortly after his incarceration for a hearing to determine his minimum period of imprisonment. The board set his minimum at a term of four years—the same as the maximum term which was set by the trial court—and thus effectively denied him any possibility for early release prior to the expiration of his full sentence.

Under section 70.00 (subd 3, pars [b], [c]) of the Penal Law, the sentencing court has the option of imposing an indeterminate sentence with a stated maximum and minimum term, or it may set only a maximum term, leaving the determination of the appropriate minimum to the Board of Parole. Where the *court* decides to set a minimum, such minimum may not be set at a length more than one third of the maximum term imposed (see Penal Law, § 70.00, subd 3, par [b]).

Effective January 1, 1978, new laws regarding the administration and operation of the Board of Parole were enacted by the Legislature and approved by the Governor (see Executive Law, art 12-B, § 259 *et seq.*). This article has had the effect of transferring the board from the Correction Department to the

Executive Department. It has also made certain fundamental changes in the operating procedures of the board.

Under subdivision 2-a of former section 212 of the Correction Law the Board of Parole had the implicit power to set a minimum period of imprisonment at a length greater than one third the maximum by virtue of a provision which called for automatic administrative review of such a decision. This provision was not, however, carried over to the Executive Law, and petitioner argues that without such provision, it can no longer be implied that the board retains the power to so set minimum periods of imprisonment. We agree with this assertion.

Under the sentencing structure laid out in section 70.00 of the Penal Law, a system has been created whereby in cases of more serious offenses the court may impose a minimum term above that of the one-year statutory minimum imposed by subdivision 3 of section 70.00. In cases of less serious felonies, sentencing Judges have come to expect that where they do not impose a definite minimum term, the Board of Parole will give those offenders a meaningful parole consideration at or before the one-third point in their sentences (see *People v Esteves,* 41 NY2d 826).

This reasonable expectation of the sentencing Judges is buttressed by notions of due process. Under the Federal sentencing scheme, which is similar to that of New York, the Second Circuit Court of Appeals has stated under similar circumstances that "[t]he purpose and intent of [the indeterminate sentencing scheme] when viewed in context requires, at the least, that [prisoners sentenced without stated minimum periods of imprisonment] be given no less effective and meaningful parole consideration than [those prisoners with a definite sentence (who automatically come up for parole after one third of their maximum term has expired)]" *(Grasso v Norton,* 520 F2d 27, 35). That such reasoning is applicable to the New York parole system is evident from the legislative findings and purposes accompanying article 12-B of the Executive Law, wherein it is stated that "the exercise of discretion, which is inherent in the parole system, must be structured and administered consistent with notions of due process" (L 1977, ch 904, § 1).

In conclusion, we agree with the determination of Special Term that it was improper for the Board of Parole to set the petitioner's minimum period of imprisonment at the same

length as the maximum term imposed by the sentencing court. Such a ruling appears to be not only contra to the legislative intention in enacting article 12-B of the Executive Law, but contra, as well, to the reasonable expectations of the sentencing court in imposing an indeterminate sentence with no stated minimum.

DAMIANI, J. P., SUOZZI, MARGETT and MANGANO, JJ., concur.

Appeal from a judgment of the Supreme Court, Orange County, entered February 20, 1979, dismissed as academic, without costs or disbursements. The judgment was superseded by an order of the same court, entered May 7, 1979, which, upon granting reargument, adhered to the original determination. Order affirmed insofar as reviewed, without costs or disbursements.