■ In the Matter of EDGAR RODRIGUEZ, Respondent, v NEW YORK STATE BOARD OF PAROLE, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered December 15, 1978 in Sullivan County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to the extent of directing that a new minimum period of imprisonment hearing be held with regard to respondent's determination of petitioner's minimum period of imprisonment. On July 25, 1977, petitioner was sentenced to an indeterminate term of imprisonment of zero to four years based upon his conviction of the crime of grand larceny in the second

degree. As a result, a parole board minimum period of imprisonment hearing was required in order to fix the minimum period of his sentence, and at such a hearing on June 12, 1978 petitioner received a 30-month minimum sentence. Upon his appeal of this decision to the Parole Board appeal unit, the original determination was affirmed, and petitioner thereupon commenced the instant proceeding. Finding that the Parole Board had not given its reasons for the minimum term imposed in sufficient detail, Special Term directed that a further minimum period of imprisonment hearing be held to review the board's prior determination in light of petitioner's allegedly good postconfinement behavior, and the Parole Baord now appeals. We hold that the order of Special Term should be reversed. Although the minimum term imposed here exceeded in length the time range therefor established pursuant to the board's own guidelines, such a longer minimum term and departure from the guidelines is expressly permitted (Executive Law, § 259-i, subd 1, par [b]; 9 NYCRR 8001.3 [c]). Moreover, the board adequately explained its action in full detail in a written decision wherein it cited the nature and circumstances of petitioner's present offense and his numerous prior convictions, many of which involved stolen cars. On the basis of this record, the board concluded that the 30-month minimum term should be imposed because of petitioner's involvement with "professional type crime" and his "repetitive criminality", and this ruling was in full accord with the statutory and procedural requirements (see Executive Law, § 259-i, subd 1, par [b]; 9 NYCRR 8001.3 [c]) and, accordingly, should not be disturbed (Executive Law, § 259-i, subd 5; *Matter of Briguglio v New York State Bd. of Parole,* 24 NY2d 21). In so ruling, we would point out that the Parole Board may, as here, impose a minimum term which is greater than one third of the maximum term for the felony involved because its discretion is not limited as is that of the sentencing court by section 70.00 (subd 3, par [b]) of the Penal Law. Such a procedural framework is clearly justified because the board, but not the court, may provide for subsequent downward adjustments in the lengths of minimum terms (Executive Law, § 259-i, subd 1, par [a]). Finally, we would note in conclusion that Special Term placed undue emphasis upon petitioner's allegedly good postconfinement behavior in directing a further hearing in this matter because, as the court concedes in its decision, the institutional record of a prisoner is to be considered only minimally in establishing his minimum term. Judgment reversed, on the law, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.