OPINION OF THE COURT
Roger J. Miner, J.
Petitioner brings this proceeding pursuant to CPLR article 78 to review a determination fixing his minimum period of imprisonment (MPI) at 30 months. He is serving an indeterminate sentence not to exceed 66 months, having been convicted of the crime of robbery in the second degree in the County Court, Onondaga County. Petitioner contends "that the Board of Parole could not set the minimum period of incarceration of a defendant sentenced to an indeterminate term of imprisonment in excess of one-third of the maximum sentence imposed *316 by the Court.” He further contends that his MPI is excessive and that the decision of the board "was arbitrary and capricious and was not founded on any factual basis.”
The Board of Parole has the authority to fix an MPI in excess of one third of the maximum sentence, while a sentencing court cannot fix a minimum sentence in excess of one third of the maximum. (Executive Law, § 259-i, subd 1, par [a]; Penal Law, § 70.00, subd 3, pars [b], [c]; Matter of Rodriguez v New York State Bd. of Parole, 72 AD2d 655.)
The following reasons were given to petitioner by the board in making its determination: "The seriousness of this crime, which involves robbery second at gun point, would be diminished if a lesser minimum were to be set. This panel recommends that you paticipate in the institutional programing before your initial hearing.” It is conceded that petitioner’s MPI exceeded in length the time range established by the board’s guidelines. (Executive Law, § 259-c, subd 4; 9 NYCRR 8001.3.) The board is authorized to depart from its own guidelines in an appropriate case (9 NYCRR 8001.3 [c]), and judicial review is limited. (Executive Law, § 259-i, subd 5; Matter of Briguglio v New York State Bd. of Parole, 24 NY2d 21; Matter of Paulsen v New York State Bd. of Parole, 46 AD2d 661.) Where there is a departure from the guidelines, however, the board is constrained to give its reasons "in detail and not in conclusory terms.” (Executive Law, § 259-i, subd 1, par [b].) A simple statement referring to the seriousness of the crime is insufficient. (Cf. People ex rel. Long v New York State Bd. of Parole, 92 Misc 2d 895.) Petitioner is entitled to a more detailed statement. The matter will be remitted to respondent for further proceedings consistent herewith.