■ In the Matter of JOHN GROSSMAN, Appellant, v PAROLE BOARD OF THE STATE OF NEW YORK, Respondent.—Judgment affirmed, without costs. Memorandum: We adopt the decision of the Third Department in *Matter of Rodriguez v New York State Bd. of Parole* (72 AD2d 655); but see, contra, *Matter of Russo v New York State Bd. of Parole* (69 AD2d 520). All concur, except Cardamone, J. P., who dissents and votes to reverse the judgment and remit the matter, in the following memorandum.

Cardamone, J. P. (dissenting). Petitioner was convicted of assault in the second degree and sentenced to an indeterminate term of imprisonment with a five year maximum. Although authorized by statute to impose a minimum period of imprisonment (MPI) the sentencing court did not do so. The respondent State Board of Parole, however, upon petitioner's incarceration determined that petitioner should serve an MPI of 42 months before becoming eligible for parole. Petitioner has challenged the board's determination on the grounds that the board has no power to fix an initial MPI at more than one third of the maximum term of sentence. I agree. Under the New York Penal Law the Legislature has empowered a sentencing Judge to exercise his discretion in imposing terms of imprisonment on convicted felons. In certain instances a definite term of imprisonment for one year or less may be imposed (Penal Law, § 70.00, subd 4). In other instances the sentence of imprisonment for a felony must be an indeterminate sentence with an MPI of at least one year (Penal Law, § 70.00, subds 1, 3). Minimum sentences for Class A felonies are required by law (Penal Law, § 70.00, subd 3, par [a]). The sentencing Judge may, as an exercise of discretion, impose an MPI when the sentence is for a Class B, Class C or Class D felony, but the court may not impose an MPI greater than one third of the maximum term of sentence (Penal Law, § 70.00, subd 3, par [b]). In the event that the sentencing court does not impose an MPI, the Board of Parole is authorized to make this determination in accordance with its written guidelines after having interviewed the sentenced person and having reviewed his background and the circumstances of his conviction (Penal Law, § 70.00, subd 3, par [c]; Executive Law, § 259-i, subd 1, par [a]). The board contends that it is not limited, as a sentencing court is, to imposing an MPI no greater than one third the maximum sentence. This is the view adopted by the Third Department *(Matter of Rodriguez v New York State Bd. of Parole,* 72 AD2d 655) on the grounds that there is no specific limitation in the Penal Law (§ 70.00, subd 3, par [c]) and subsequent downward adjustments are authorized by statute (Executive Law, § 259-i, subd 1, par [a]). The majority rely on *Matter of Rodriguez.* On the other hand, the Second Department held that the Board of Parole has no implicit power to set an MPI at greater than one third the maximum sentence and that to do so would be contrary to the reasonable expectations of the court which imposed sentence and to due process *(Matter of Russo v New York State Bd. of Parole,* 69 AD2d 520, 522). As the court in *Russo* observed, an MPI greater than the one third maximum formerly triggered automatic administrative review, no longer

present in section 259-i of the Executive Law which supplanted the provisions of former subdivision 2-a of section 212 of the Correction Law. Indeed, the statute relied upon does not specifically grant such power to the Board of Parole merely stating that: "In any case where the minimum period of imprisonment is fixed independent of the criteria adopted by the board * * * written reasons shall be given for such determination in detail and not in conclusory terms" (Executive Law, § 259-i, subd 1, par [b]). Under the statute regulations were promulgated setting forth guidelines (9 NYCRR 8001.3). Under 9 NYCRR 8001.3 (c) there is provision for setting an MPI greater than the guidelines, although it does not specifically provide that such may exceed one third of the maximum terms of an indeterminate sentence (Penal Law, § 70.00, subd 3, par [b]). The regulation itself provides no rational basis for distinguishing between the sentencing court's power and the Parole Board. The only criteria considered under its guidelines by the Parole Board in fixing an MPI greater than the one third are "crime severity and past criminal history" (9 NYCRR 8001.3 [a]) which are pre-incarceration factors considered by the sentencing court. The laws that establish and implement a criminal justice system must be considered *pari materia* and construed with reference to each other. Thus, the basic theory that limits the length of an MPI imposed by a Judge applies with equal force to the Board of Parole. A sentencing Judge has before him the same information that is available to the Board of Parole when it establishes the initial MPI. In addition, the sentencing Judge has, in non plea cases, presided over the trial and heard and observed the witnesses for both parties. It is incongruous to hold that in a case where a sentencing Judge believes that justice requires an MPI, the board had no power to determine a separate initial MPI (9 NYCRR 8001.3 [b] [2] [i]); but where the sentencing Judge concludes that an MPI is not appropriate the board can fix an MPI for any period of time up to the maximum term of imprisonment. This could not have been the intention of the Legislature when it empowered the board to determine a sentenced person's MPI and nothing in the legislative history at the adoption of section 259-i (subd 1, par [b]) of the Executive Law suggests to the contrary (NY Legis Ann, 1977, p 319). Since the board is not specifically granted the unfettered power to determine MPIs, this court should not create it judicially, particularly in light of the recommendation of the American Bar Association (American Bar Association, Standards Relating to Sentencing Alternative and Procedures [Tent Draft, Amer Bar Assn Project on Minimum Standards for Criminal Justice], § 3.2, Comment g, p 159) that there be no minimum term unless the court acted affirmatively to impose one, and then only for one third the maximum. Accordingly, I dissent and vote to reverse and remit to the Parole Board to fix an MPI not greater than one third the maximum of the relator's sentence. (Appeal from judgment of Cayuga Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Hancock, Jr., Schnepp and Witmer, JJ.