## FOURTH DEPARTMENT, APRIL, 1980

## (April 8, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLARENCE COLEMAN, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: In 1965 petitioner was convicted of manslaughter, first degree, and sentenced to an indeterminate term of 10 to 20 years imprisonment. He was subsequently released on parole in 1971, violated and returned to prison and rereleased on parole on August 8, 1977. In 1978, as the result of an incident during which petitioner's neighbor was cut with a meat cleaver, the Board of Parole found that petitioner had violated the terms and conditions of his parole in that he failed to lead a law-abiding life and had consumed alcoholic beverages to excess. In this habeas corpus proceeding petitioner first challenges the hearing officer's findings of fact but we view the evidence as sufficient to sustain the charges (see *People ex rel. Wallace v State of New York,* 70 AD2d 781). The hearing officer recommended that petitioner be returned to prison and not considered for reparole until the expiration of two years. That recommendation was modified by the Parole Board and petitioner was placed upon a 30-month hold "due to [his]

continuous assaultive behaviour." Petitioner contends that the board had no power to modify the hearing officer's recommendation or to extend the hold beyond 24 months and that even if it did, the board's action was improper because it considered an additional criminal assault charge recited in the history supplied by petitioner's parole officer but which had been withdrawn subsequently by the complainant. The trial court found that although the criminal charges had been withdrawn, the underlying facts of the assault were supported in the record. The hearing officer's recommendation was advisory and not binding on the board (see *Matter of Simpson v Wolansky*, 38 NY2d 391, 394). The ultimate power to order reincarceration and fix a date for rerelease rested with the Parole Board or a member acting on its behalf (see Executive Law, § 259-i, subd 3, par [f], cl [x]). In doing so the board had the power to establish a minimum period of incarceration for the parole violator before he was entitled to be considered for reparole (cf. Executive Law, § 259-i, subd 1, par [a]; *Matter of Grossman v Parole Bd. of State of N. Y.*, 74 AD2d 727). The 24-month limitation on incarceration without reconsideration urged by petitioner is contained in the section mandating reconsideration of parole after the prisoner's minimum period of imprisonment has been determined and served and parole has been denied (see Executive Law, § 259-i, subd 2, par [a]). It does not apply to the facts of this case. Furthermore, we find no error in the board considering petitioner's past history when fixing the period for which he is to be held before he is entitled to consideration for reparole. (Appeal from judgment of Wyoming Supreme Court—habeas corpus.) Present—Cardamone, J. P., Simons, Schnepp, Doerr and Moule, JJ.