OPINION OF THE COURT
William L. Ford, J.
This CPLR article 78 proceeding by petitioner seeks a judgment annulling a determination of respondent (Parole Board) fixing petitioner’s minimum period of imprisonment (MPI) at four years and six months. Petitioner contends that the Parole Board’s determination was arbitrary and capricious and in violation of his right to due process and equal protection. He also asserts that he was denied the services of an interpreter though he requested one because he claims he does not speak English very well.
Petitioner was indicted for murder, second degree, and criminal possession of a weapon, second degree. Through plea bargaining he was convicted of manslaughter, second degree, and was sentenced on April 25, 1978 to an indeterminate term of 0 to 9 years.
In the absence of a court-imposed minimum term, the Parole Board, on July 10, 1978, held a hearing, at which *1076 petitioner was present and in which he participated. As a result of the hearing, petitioner was assigned to offense severity level 1 (based upon the crime for which he was indicted) and was assigned a prior criminal history category of “good” which placed him in the time range of 40-70 months under the then applicable guidelines. Petitioner’s MPI was set at four years and six months. The reasons given in the Parole Board’s decision were that “The description of the offense and [sic] the probation report constitutes a premediated [sic] killing of a homosexual lover. This crime is extremely serious and therefore a minimum less than this would diminish the gravity of this offense.” x
The Appeals Unit of the Parole Board affirmed the decisión.
The Parole Board submits that the reasons given to the petitioner herein establishing his MPI fully satisfy the requirements of section 259-i of the Executive Law and the regulations promulgated thereunder (9 NYCRR 8001.2 [c]). The Parole Board also submits that the determination which is here challenged was made in accordance with the Executive Law and the regulations promulgated thereunder and is therefore not reviewable.
Petitioner does not, as the court understands his position, contend that he was given insufficient reasons for his MPI. Rather, he urges that the Parole Board, in considering the offense for which he was indicted rather than the offense for which he was convicted in arriving at the MPI acted without due process.
Petitioner’s contention that he was denied a fair hearing by not being furnished with an interpreter is denied as being without merit. The minutes of the Parole Board’s hearing clearly show that petitioner understood the questions and had no difficulty in answering them.
The Parole Board, as authorized by subdivision 4 of section 259-c of the Executive Law, has promulgated guidelines to be utilized in establishing MPI’s. A copy of such guidelines in effect when petitioner’s MPI was set are attached to the answer.
Section 259-i (subd 1, par [a]) of the Executive Law, *1077 which deals with the establishment of MPPs, provides “[s]uch guidelines shall include (i) the seriousness of the offense with due consideration to the type of sentence, length of sentence and recommendations of the sentencing court, the district attorney, the attorney for the inmate, the presentence probation report as well as consideration of any mitigating and aggravating factors”. The quoted language does not specify whether the offense to be considered is the offense for which the inmate was indicted or for which he was convicted or both.
However, in a memorandum accompanying the guidelines, the chairman of the Parole Board stated: “[t]here are seven offense severity levels — see attached. The offense severity category shall be decided by the parole board panel conducting the MPI or release hearing and shall be based on the actual criminal conduct, not the crime of conviction.” Petitioner’s conviction of manslaughter, second degree, was under section 125.15 of the Penal Law which, in part, provides: “A person is guilty of manslaughter in the second degree when: 1. He recklessly causes the death of another person”.
Manslaughter, second degree, appears to the court to fall within offense severity level 4 of the guidelines in effect at the time petitioner was convicted because level 4 includes: “Manslaughter-Recklessly caused death”. With a classification of “good” for his prior criminal history category, petitioner’s time range would fall between 21-24 months, as he contends, as opposed to the 40-70 months’ time range in which he was actually placed by the Parole Board.
At the time this motion was argued, petitioner relied upon Matter of Russo v New York State Bd. of Parole (98 Misc 2d 251, affd 69 AD2d 520). Because the Russo case was on appeal to the Court of Appeals, the attorneys for the respective parties agreed to hold the matter in abeyance pending a decision of that court, which was decided on April 28, 1980, Matter of Russo v New York State Bd. of Parole (50 NY2d 69).
At Special Term in the Russo case, Justice John W. Sweeney held that the Parole Board could not consider the nature of the crime for which Russo was indicted (con *1078 spiracy to commit intentional homicide), in pigeonholing his offense severity level but was required to utilize the crime for which Russo was convicted (criminal solicitation, first degree). Justice Sweeney further held that upon remand the Board of Parole could not set Russo’s MPI in excess of one third of the maximum sentence imposed by the sentencing court.
In affirming Russo (69 AD2d 520), the Second Department did not pass upon the crime indicted versus crime convicted issue but affirmed the finding that the Parole Board could not impose an MPI in excess of one third of the maximum term imposed by the sentencing court.
The Court of Appeals in Matter of Russo v New York State Bd. of Parole (50 NY2d 69, supra) reversed the Second Department and reinstated the determination of the Parole Board.
The Court of Appeals was aware of the crime indicted versus crime convicted issue because the following appears in the opinion (p 73) : “Special Term granted the petition, reasoning that since petitioner’s conspiracy charge had been dismissed, the Parole Board should not have pigeonholed petitioner’s offense at one category lower than the solicited offense of homicide.”
While the Court of Appeals does not specifically deal with the “crime indicted versus crime convicted” issue, it did reinstate the determination of the Parole Board with the knowledge that the Parole Board had considered the crime indicted in pigeonholing Russo’s offense severity level. This court is of the opinion that by such action the Court of Appeals has sanctioned the Parole Board’s consideration of the nature of the crime indicted in arriving at an MPI rather than restricting the Parole Board to a consideration of the nature of the crime for which convicted. The Court of Appeals concludes its opinion with this language (p 77) : “Finally, we reject petitioner’s contention that the board acted arbitrarily in setting his MPI at four years. In light of the board’s expertise and the fact that responsibility for a difficult and complex function has been committed to it, there would have to be a showing of irrationality bordering on impropriety before intervention would be warranted. No such showing has been made here.”
*1079 Because the Court of Appeals was aware of what the Parole Board had done in pigeonholing the offense severity level in the Russo case, this court can only conclude that such a showing was not considered by the Court of Appeals to be “irrationality bordering on impropriety”.
If this court has correctly read the Court of Appeals opinion in Russo (supra), it must and it hereby does dismiss the petitioner’s CPLR article 78 proceeding and denies the relief sought therein.