■ ROBERT FOOTE, Respondent, v BETTY A. FOOTE, Appellant.—In a divorce action, defendant appeals, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Nassau County, entered July 27, 1979, as awarded her counsel fees and disbursements in the sum of $1,500. Judgment modified, on the facts, by increasing the award of counsel fees and disbursements to $2,083.93. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Although the record before this court does not support defendant's request for more than $11,000 in legal fees, it would appear that the sum of $1,500 awarded by Special Term is insufficient to cover both legal fees and disbursements. Consequently, an additional reimbursement for disbursements is required. Mollen, P. J., Hopkins, Mangano and Cohalan, JJ., concur.

■ MICHAEL HARTIGAN, Respondent, v CITY OF NEW YORK, Appellant.— Appeal by the City of New York from a judgment of the Supreme Court, Richmond County, entered May 1, 1979, which confirmed an arbitrator's award of benefits for medical expenses and lost income, as well as attorney's fees, in a no-fault arbitration proceeding, and denied its cross motion to vacate the award. Judgment affirmed, with $50 costs and disbursements. The arbitrator's award was not so irrational as to warrant vacatur (see *Matter of McKenna v County of Nassau Off. of County Attorney,* 75 AD2d 815). Mollen, P. J., Hopkins, Mangano and Cohalan, JJ., concur.

■ In the Matter of MELVIN BROWN, Respondent, v NEW YORK STATE BOARD OF PAROLE, Appellant.—Appeal from a judgment of the Supreme Court, Dutchess County, dated January 16, 1980, which (1) set aside a determination of the New York State Board of Parole establishing petitioner's minimum period of incarceration (MPI) at 38 months and (2) remitted the matter to the board for the establishment of a new MPI not to exceed one third of the maximum of petitioner's sentence. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits (see *Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, revg 69 AD2d 520). Mollen, P. J., Hopkins, Mangano and Cohalan, JJ., concur.

■ In the Matter of EDWARD ERATH, Petitioner, v DONALD J. DILWORTH, as Commissioner of Police of the County of Suffolk, Respondent.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent as, after a hearing, found petitioner guilty of four specifications of misconduct and dismissed him from his position on the Suffolk County Police Department. Determination confirmed insofar as reviewed and proceeding dismissed on the merits, without costs or disbursements. The determination under review is supported by substantial evidence and the sanction imposed is not so disproportionate to the offenses as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Mollen, P. J., Hopkins, Mangano and Cohalan, JJ., concur.