■ In the Matter of SIMON QAFA, Respondent, v EDWARD HAMMOCK, as Chairman of the New York State Division of Parole, et al., Appellants. — Appeals (1) from a judgment and order of the Supreme Court at Special Term, entered May 29, 1980 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondents' determination of a minimum period of imprisonment, and (2) from an order of said court, entered July 23, 1980 in Clinton County, which granted respondents' motion to renew and reargue but adhered to the original determination. Petitioner was convicted of assault in the second degree and crim-

inal possession of a weapon in the second degree, but was acquitted of attempted murder. He was sentenced to concurrent terms of 0 to 3 years and given a minimum period of imprisonment (MPI) of 34 months, on each sentence, by the Parole Board. The reasons given by the board for its decision, which in turn was affirmed by the Division of Parole, were: "Nature of your criminal offense where you planned to cause the death of two people, where they were shot and received serious physical injury, and need for further institutional programming." Special Term annulled respondents' MPI determination and this appeal ensued. Given petitioner's convictions of two serious crimes, an MPI of 34 months was well within the board's guidelines. Furthermore, it being quite clear in the record that the board was aware of what charges he was in fact convicted of, its reference to his having "planned to cause the death of two people" did not equate to a board finding that he was accountable for attempted murder. In this respect, the present appeal materially differs from *Matter of Edge v Hammock* (80 AD2d 953). Indeed, had the board treated the attempted murder charges as a conviction, petitioner's offense severity score would have been higher and his MPI considerably longer. Special Term found that in arriving at petitioner's MPI the board failed to consider all of the factors enumerated in section 259-i of the Executive Law. A literal reading of the board's MPI decision notice supports that conclusion. However, we read the purpose of the statute as requiring that those criteria which are relevant to a particular inmate be taken into account by the board in reaching an MPI determination. Since there is no requirement that the "due consideration" to be given each factor set forth in the statute be detailed in writing, and the board's own regulations, enacted pursuant to the Executive Law, require it to consider essentially these very same factors (9 NYCRR 8001.2), it must be presumed, in the absence of any convincing showing to the contrary, that the board fulfilled its duty under the statutory mandate and did consider them. Finally, since the reasons given by the board for establishing petitioner's MPI were sufficiently detailed (cf. *Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69), we are obliged to reverse and dismiss the petition. Judgment and order reversed, on the law, determination confirmed, and petition dismissed, without costs. Appeal from order entered July 23, 1980, dismissed, as academic, without costs. Sweeney, J.P., Casey, Yesawich, Jr., Weiss and Herlihy, JJ., concur.