■ In the Matter of RUFUS EDGE, Respondent, v EDWARD HAMMOCK, as Chairman of the New York State Division of Parole, et al., Appellants. — Appeals (1) from a judgment and order of the Supreme Court at Special Term, entered June 19, 1980 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondents' determination of a minimum period of imprisonment, and (2) from an order of said court, entered July 16, 1980 in Clinton County, which granted respondent's motion to renew and reargue but adhered to the original determination. Petitioner, who had been indicted along with two codefendants for sodomy in the first degree, kidnapping in the second degree, four counts of assault in the second degree and one count of assault in the third degree, pleaded guilty to the charges of attempted kidnapping in the second degree and one count of assault in the second degree. He was sentenced to concurrent indeterminate sentences of 0 to 15 years upon the kidnapping conviction and 0 to 7 years on the assault conviction. After a hearing by the Parole Board to fix his minimum period of imprisonment (MPI), petitioner was given an MPI of five years on the 0- to 15-year sentence and an MPI of

three years on the 0- to 7-year sentence. Both minimums exceeded the board's own guideline range of 26 to 32 months. The board's reasons for exceeding its guidelines were the "abusive, violent, brutal circumstances of your [petitioner's] instant offense, involving your raping, sodomizing, inflicting bizarre and inhuman acts upon your female victim." Because the board based its determination of petitioner's MPI on rape and sodomy, crimes he had not been convicted of and which he denied committing, Special Term annulled the board's determination and ordered a new MPI hearing before a different panel. We affirm. Although the board may impose an MPI in excess of that provided for in its own guidelines if it details its reasons for so doing (Executive Law, § 259-i, subd 1, par [b]; 9 NYCRR 8001.3 [c]), nevertheless, it lacks authority to predicate an inmate's MPI on crimes for which he has not been convicted and denies committing. Basing an MPI determination on findings of guilt of crimes which the inmate has not been convicted of, and specifically denies involvement in, demonstrates "irrationality bordering on impropriety" *(Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77) and is not to be condoned. Judgment and order entered June 19, 1980 affirmed, without costs; order entered July 16, 1980 affirmed, without costs. Sweeney, J.P., Casey, Yesawich, Jr., and Weiss, JJ., concur.

Herlihy, J., dissents and votes to reverse in the following memorandum. Herlihy, J. (dissenting). The judgment of Special Term annulling respondent's MPI determination should be reversed and the petition dismissed. It is apparent that the Parole Board has fully performed its duties by gathering such information as it could, holding a hearing, and giving written reasons for its decision. The present record demonstrates conclusively that the Parole Board did not consider any erroneous facts or rely upon such facts. The word "raping" is crossed out in the board's handwritten MPI decision notice. Petitioner did not dispute that the victim was sodomized and he admitted "burning" parts of her body and striking her in the head with a hammer. Further, he did not deny that she was kicked or stomped in the stomach. The finding of "bizarre" conduct is supported and there is no basis for upsetting the MPI. (See *Matter of Collins v Hammock,* 52 NY2d 798; *Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77.)