■ In the Matter of HARRY FRIEDMAN, Respondent, v EDWARD HAMMOCK, as Chairman of the New York State Board of Parole, et al., Appellants. — Appeals (1) from a judgment of the Supreme Court at Special Term, entered June 26, 1980 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondents' determination of a minimum period of imprisonment, and (2) from an order of said court, entered July 16, 1980 in Clinton County, which granted respondents' motion to renew and reargue but adhered to the original decision. Petitioner was sentenced to an indeterminate term of imprisonment of zero to three years upon his plea of guilty of the crime of criminal usury in the first degree. Thereafter, the respondent Board of Parole set petitioner's minimum period of imprisonment (MPI) at 26 months, and petitioner's administrative appeal resulted in an affirmance of the board's determination. Petitioner commenced a CPLR article 78 proceeding alleging, *inter alia,* that the

guidelines used by the board in setting his MPI do not comply with the requirements of section 259-i (subd 1, par [a]) of the Executive Law, that the board failed to consider all of the factors listed in that statute, and that the board failed to adequately state the reasons for its MPI determination. Special Term found that the board had failed to consider all of the required facts and that the stated reasons for its determination were inadequate. Accordingly, it directed the board to hold a *de novo* MPI hearing. This appeal ensued. The first two contentions raised by petitioner must be rejected in light of this court's decision in *Matter of Qafa v Hammock* (80 AD2d 952). The board's guidelines are contained in 9 NYCRR Part 8001, which includes a provision detailing the information that must be considered at an MPI hearing (9 NYCRR 8001.2 [b]), and it is readily apparent that this provision is designed to bring the required factors before the board. As pointed out in *Matter of Qafa v Hammock (supra),* in the absence of any convincing showing to the contrary, it must be presumed that the board fulfilled its statutory duty and did consider the enumerated factors. We also reject petitioner's third argument. Although the reasons given by the board for its MPI determination could have been more detailed, particularly in light of the fact that the serious nature of criminal usury in the first degree is not patent, there has been no "showing of irrationality bordering on impropriety" to warrant intervention by the courts *(Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77). Judgment entered June 26, 1980, reversed, on the law, determination confirmed, and petition dismissed, without costs. Appeal from order entered July 16, 1980, dismissed, as academic, without costs. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.