In the Matter of MEL P. LYNCH, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Williams, J.), entered August 1, 1980 in Albany County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondent's determination denying him parole release. On January 6, 1977 petitioner was convicted of grand larceny in the first degree, but was acquitted of both kidnapping in the first degree and criminal possession of a weapon in the second degree. He was sentenced to a minimum period of imprisonment of 4 years and a maximum term of 12 years. On October 20, 1977 petitioner also entered a plea of guilty to attempted escape in the second degree for his participation in an attempted escape from the Westchester County Jail while awaiting trial on charges which ultimately resulted in his conviction for grand larceny. For this conviction petitioner received a definite term of one year which ran concurrently with his term of imprisonment for grand larceny. After a hearing before the Parole Board on July 9, 1979, petitioner was denied parole. The reasons given by the board for its decision were the serious nature of the crime for which he was convicted, his conviction for attempted escape, the recommendation of the District Attorney and because during the commission of the crime petitioner: "extorted almost $2,300,000 from the victim's family. The victim was recovered two days after the payment of ransom, bound and blindfolded, by the FBI and police. As a result of your actions the family was exposed to an agonizing ordeal." The Parole Board's decision was affirmed by the Appeals Unit of the Division of Parole. Special Term confirmed respondent's determination and this appeal ensued. Petitioner contends, *inter alia*, that the board's reference to his having exposed the victim and the victim's family to an agonizing ordeal indicates that the board improperly treated the kidnapping charge as a conviction. We

disagree. A review of the parole hearing transcript and the board's decision clearly establishes that the board merely reflected on the circumstances surrounding the conviction for grand larceny and this inquiry by the board is not tantamount to a board finding that petitioner was accountable for kidnapping *(Matter of Qafa v Hammock,* 80 AD2d 952). Even assuming, *arguendo,* that petitioner is correct in asserting that a basis for the board's decision was its belief that petitioner was guilty of kidnapping, the other reasons set forth by the board, viz., conviction of grand larceny, first degree, during which $2,300,000 was extorted and conviction of attempted escape, second degree, provide a sufficient justification for the board's denial of parole *(Matter of Gonzague v New York State Bd. of Parole,* 58 AD2d 707). We also note that the board did not err in considering the seriousness of the crimes committed by petitioner in denying parole *(People ex rel. Brown v New York State Dept. of Correctional Servs., Parole Bd. Div.,* 67 AD2d 1108), nor did the board err in considering the recommendation of the District Attorney (Executive Law, § 259-i, subd 2, par [c]). Finally, given petitioner's convictions of two serious crimes, the sufficiently detailed reasons for denying parole and the failure of petitioner to show that the board did not consider all the factors enumerated in section 259-i of the Executive Law, we are of the view that judicial intervention into a matter the Legislature has vested to the sound discretion of the Parole Board is unwarranted (see *Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69). Judgment affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Weiss and Herlihy, JJ., concur.