■ In the Matter of REESE WEYANT, Appellant, v EDWARD R. HAMMOCK, as Chairman of the New York State Board of Parole, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Miner, J.), entered May 13, 1980 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Board of Parole establishing petitioner's minimum period of imprisonment at 36 months on a zero- to four-year sentence. Petitioner was sentenced to an indeterminate term of imprisonment of zero to four years upon a conviction of rape in the third degree, concurrent definite sentences of one year upon convictions of two counts of endangering the welfare of a child, and a concurrent sentence of zero to three months upon a conviction of unlawfully dealing with a child. Pursuant to the guidelines then in effect (9 NYCRR 8001.3), the Parole Board established a time range for petitioner's minimum period of imprisonment (MPI) of 18 to 26 months. The board, however, decided to exceed this range and set petitioner's MPI at 36 months stating the following reason: "In view of the serious nature of the instant offense, rape 3rd, endangering the welfare of a child and unlawful dealing with a child. These crimes concerned your inducing a 15 year old female to take photos of you and another female while engaging in sexual intercourse after which you had intercourse with the 15 year old female. You have a prior history of indecent exposure and a lengthy ongoing history of alcoholic abuse. Therapeutic counseling as well as institutional programming is indicated." Petitioner commenced the present article 78 proceeding seeking to annul the board's MPI determination and requesting a new MPI hearing. Special Term dismissed the petition and this appeal ensued. Initially, we would note that petitioner's arguments concerning alleged errors by the board in computing his guideline range are unpersuasive in view of the board's decision to set his MPI outside of this range. Although the board was empowered to set petitioner's MPI independent of the guideline range, it is maintained that the reasons for the board's decision are not sufficiently detailed as required by section 259-i (subd 1, par [b]) of the Executive Law. We disagree and are of the view that the reasons set forth by the board were sufficiently detailed so as to satisfy the requirements of section 259-i (subd 1, par [b]) (see Matter of Russo v New York State Bd. of Parole, 50 NY2d 69; Matter of Qafa v Hammock, 80 AD2d 952). We have considered petitioner's remaining arguments and find them to be without merit. The judgment, therefore, should be affirmed. Judgment affirmed, without costs. Mahoney, P.J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.