■ In the Matter of FRANK DI CHIARO, Appellant, v EDWARD R. HAMMOCK, as Chairman of the New York State Division of Parole, Respondent. — Appeal

---

* CPLR 7506 (subd [f]) has added provision for waiver, but as previously indicated, no waiver occurred here.

from a judgment of the Supreme Court at Special Term (Conway, J.) entered October 15, 1981 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking a judgment annulling respondent's determination denying him parole and directing that he be given a new parole release hearing. Petitioner, an inmate at the Wallkill Correctional Facility, is a second violent felony offender who is presently serving an indeterminate term of imprisonment of 7½ to 15 years following his plea of guilty of the crime of robbery in the first degree in connection with an armed robbery of a jewelry store in Syracuse, New York, on October 24, 1975. In the instant article 78 proceeding he sought a judgment annulling respondent's determination denying him a release on parole in January of 1981 and directing that he be given a new parole release hearing, but at Special Term the court denied petitioner his requested relief and dismissed his petition. The present appeal ensued, and we hold that the challenged judgment should be affirmed. In so ruling, we initially reject petitioner's contention that the decision denying him parole must be annulled and the matter remitted to the Parole Board for a new parole release hearing because the Parole Board erroneously placed petitioner's guideline range under subdivision 4 of section 259-c of the Executive Law in the unspecified range. While the board admittedly took into account the murder of a State trooper by one of petitioner's partners in the robbery when calculating petitioner's offense severity score in determining his guideline range, there is some justification for the board's action in that the homicide was part of a continuing course of action with the robbery, i.e., the trooper was murdered as petitioner's partner in crime fled the robbery scene. Moreover, a reading of the board's release decision notice and the transcript of the parole release hearing establishes that the board realized that petitioner had been convicted of only the robbery and not the homicide, and at any rate, additional reasons are set forth in the release decision notice, most notably petitioner's prior criminal history of violent, aggressive behavior and his need for continued and extensive psychotherapy to treat his emotional antisocial characteristics, which provide ample justification for the board's denial of parole (cf. *Matter of Lynch v New York State Div. of Parole,* 82 AD2d 1012). Petitioner's remaining contention is likewise lacking in substance. Clearly, no constitutional or statutory right of petitioner was violated merely because a Parole Board member who participated in the instant determination denying petitioner parole had participated in a previous determination denying petitioner parole in 1979 wherein the board had stated in its decision that, absent statutory constraint (see Executive Law, § 259-i, subd 2, par [a]), it would have denied petitioner parole for a period in excess of two years. Judgment affirmed, without costs. Sweeney, J. P., Main, Casey, Weiss and Levine, JJ., concur.