■ In the Matter of ANTHONY SANTANA, Appellant, v EDWARD R. HAMMOCK, as Chairman of the New York State Board of Parole, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered January 26, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul determinations of the New York State Board of Parole. Petitioner pleaded guilty to robbery in the third degree and received a sentence of zero to six years. He also pleaded guilty to attempted robbery in the third degree for which he received a sentence of zero to three years, to be served consecutively to the first sentence. Respondent Board of Parole, pursuant to section 259-i of the Executive Law, set a minimum period of incarceration (MPI) of 24 months on each sentence. Petitioner's CPLR article 78 proceeding to annul these determinations was dismissed by Special Term and this appeal ensued. Initially, we note that the scope of our review is limited. The Court of Appeals in *Matter of Russo v New York State Bd. of Parole* (50 NY2d 69, 77) stated, "In light of the board's expertise and the fact that responsibility for a difficult and complex function has been committed to it, there would have to be a showing of irrationality bordering on impropriety before intervention would be warranted." As in *Russo,* no such showing has been made here. Petitioner's argument that respondent failed to consider each conviction separately is belied by the record which clearly shows otherwise, and that the board was aware that one conviction was for attempted robbery in the third degree. Further, although the severity assessment for attempted robbery was two points, whereas the board assessed three points, the result is the same. The one point change does not affect the applicable 18- to 26-month MPI range established in the guidelines (see 9 NYCRR 8001.3), the 24-month MPI assessed being within the range. Petitioner's contention that the board erred in assessing an additional point for weapon involvement in each conviction must also fail. Although petitioner feigned a weapon, respondent's Revised Guidelines Application Manual, June 1979, clearly included "a finger in the pocket" under the definition of a weapon. Petitioner has failed to show that his conduct was not within the scope of the rules when he told each victim he had a gun, or that respondent's application of the rules resulted in erroneous establishment of the MPI's. In sum, each conviction properly bore a two-point assessment which, even without the additional point for use of a weapon, would have fallen within the 18- to 26-month MPI guideline range. Finally, the reasons given by respondent for establishing the MPI were sufficient (see *Matter of Weyant v Hammock,* 84 AD2d 901; *Matter of Qafa v Hammock,* 80 AD2d 952). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.