■ RICHARD ZOLLI, Respondent, v GRACE DUBOIS, Appellant. — In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Queens County (Dufficy, J.), dated May 11, 1981, which granted plaintiff's motion to set aside the jury verdict in favor of defendant on the issue of liability, and ordered a new trial. Order reversed, with $50 costs and disbursements, plaintiff's motion to set aside the verdict is denied, the verdict is reinstated and the case is remitted to Trial Term for entry of a judgment in favor of defendant. We hesitate to disturb a Trial Judge's discretionary decision to set aside a jury verdict. (See *Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Mann v Hunt,* 283 App Div 140.) Nonetheless, where as here, Trial Term's decision has unnecessarily interfered with the fact-finding function of the jury, reversal is warranted. (See *Durante v Frishling,* 81 AD2d 631.) Under the facts of this case, the jury could reasonably have found that plaintiff's own voluntary acts were the sole proximate cause of his injuries, thus supporting its verdict in favor of defendant. Damiani, J. P., Mangano, Gulotta and Niehoff, JJ., concur.

■ In the Matter of CORNELL ABRAMS, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent State Board of Parole which, after a parole release hearing, *inter alia,* denied parole, petitioner appeals from a judgment of the Supreme Court, Westchester County (Beisheim, J.), dated February 7, 1982, which dismissed the petition. (We deem the notice of appeal to be a premature notice of appeal from the aforesaid judgment.) Judgment affirmed, without costs or disbursements. Petitioner failed to make a "convincing showing" either that respondent did not consider the recommendation of the sentencing Judge (see *Matter of Qafa v Hammock,* 80 AD2d 952, 953), or that it considered erroneous information when rendering its decision. The Board of Parole is not required to set forth its reasons for deviating from its guidelines when denying parole release, as opposed to when fixing a minimum period of imprisonment (compare 9 NYCRR 8001.3 [c], with 9 NYCRR 8002.3 [c]). Discretionary decisions of the Board of Parole are not judicially reviewable (see Executive Law, § 259-i, subd 5; *Matter of Briguglio v New York State Bd. of Parole,* 24 NY2d 21). Weinstein, J. P., Gulotta, O'Connor and Rubin, JJ., concur.