■ In the Matter of JOSEPH MACIAG, Petitioner, v EDWARD A. HAMMOCK, as Chairman of the New York State Board of Parole, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Chemung County) to review a determination of the New York State Board of Parole establishing petitioner's minimum period of imprisonment at 36 months on a zero to four-year sentence. Petitioner was sentenced as a youthful offender to an indeterminate term of imprisonment of zero to four years upon his plea of guilty of the crime of sexual abuse in the first degree. Pursuant to the guidelines then in effect (9 NYCRR 8001.3), the Parole Board established a time range for petitioner's minimum period of imprisonment (MPI) of 18 to 26 months. The board, however, elected to exceed this range and set petitioner's MPI at 36 months, stating the following reasons: "Minimum established due seriousness of the present offense, a YO adjudication for a house breakin during which he raped and sodomized the occupant; in the light of the 4-year sentence structure, prior adjudication for burglary and history of alcohol and drug abuse. Guidelines do not adequately reflect the seriousness of this crime which involved rape, oral,

and attempted anal sodomy nor his history of substance abuse." Petitioner commenced the present article 78 proceeding contending, *inter alia,* that the board erred in computing the appropriate guideline range; failed to consider mitigating factors as required by section 259-i (subd 1, par [a]) of the Executive Law; improperly considered criminal conduct for which he was not convicted; and inadequately stated the reasons for its MPI determination. Initially, we note that although Special Term improperly transferred this proceeding, this court is now required to determine all of the issues raised therein (see *Matter of Shurgin v Ambach,* 83 AD2d 665, 666, affd 56 NY2d 700). Petitioner's contention that the board erred in computing his guideline range is not persuasive in view of the board's decision to set his MPI outside of this range (*Matter of Weyant v Hammock,* 84 AD2d 901). Nor has there been a sufficient showing that the board failed to fulfill its statutory duty in considering all of the factors enumerated in section 259-i (subd 1, par [a])(see *Matter of Qafa v Hammock,* 80 AD2d 952; *Matter of Friedman v Hammock,* 80 AD2d 976). Petitioner's reliance on *Matter of Edge v Hammock* (80 AD2d 953) to justify his assertion that the board improperly based its MPI determination on crimes for which he had not been convicted and denied committing, is misplaced. Unlike in *Matter of Edge,* petitioner here fully admitted that he perpetrated the underlying acts of burglary, rape and sodomy with which he had been charged. The fact that he entered a plea of guilty to a reduced charge of first degree sexual abuse in full satisfaction of the indictment does not preclude the board from considering the circumstances of the subject incident (see 9 NYCRR 8001.2 [b]; *Matter of Torres v Hammock,* 105 Misc 2d 1073, 1076). Similarly, the board properly considered petitioner's admitted problem of alcohol and drug abuse with the concomitant need for programmed counseling (Executive Law, § 259-i, subd 1, par [a], cl [i]). Finally, the board's reasons for setting an MPI outside the guideline range were stated in sufficient detail (Executive Law, § 259-i, subd 1, par [b]; see *Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69; *Matter of Qafa v Hammock,* 80 AD2d 952, *supra*). In sum, there has been no "showing of irrationality bordering on impropriety" to warrant intervention by the courts (*Matter of Russo v New York State Bd. of Parole, supra,* p 77). The determination, therefore, should be confirmed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.