■ In the Matter of DEBRA MACKALL, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Parole fixing petitioner's minimum period of imprisonment, the appeal is from a judgment of the Supreme Court, Westchester County (Dickinson, J.), dated August 4, 1981, which dismissed the petition. Judgment affirmed, without costs or disbursements. Petitioner was convicted, upon her plea of guilty, of manslaughter in the first degree, and sentenced to an indeterminate term of up to 15 years' imprisonment. Subsequently, the respondent Board of Parole set a minimum period of imprisonment, pursuant to section 259-i (subd 1, par [a]) of the

Executive Law, at seven years. In this proceeding, petitioner seeks to overturn the board's determination on the ground that it failed to properly consider the factors set forth in section 259-i (subd 1, par [a]) of the Executive Law and regulations issued pursuant thereto (9 NYCRR 8001.2, 8001.3), and on the ground that the board failed to adequately state the reasons for its decision. In the absence of a convincing showing to the contrary, it is presumed that the Board of Parole acted properly (*Matter of Friedman v Hammock,* 80 AD2d 976, affd 54 NY2d 799). Petitioner has failed to make such a showing here. The fact that the board did not discuss each factor with petitioner at her hearing does not constitute convincing evidence that it did not consider them. The board's statement of its reasons for the decision was adequate (*Matter of Qafa v Hammock,* 80 AD2d 952). There was no showing of an "irrationality bordering on impropriety" (*Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77), which would justify disturbing the board's determination. Lazer, J. P., Gibbons, Niehoff and Boyers, JJ., concur.