■ In the Matter of MARVIN MATTHOW, Appellant, v EDWARD R. HAMMOCK, as Chairman of the New York State Board of Parole, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Ford, J.), entered February 24, 1982 in Clinton County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the determination of a minimum period of imprisonment. Petitioner pleaded guilty to attempted use of a child in a sexual performance, a class D felony. He was sentenced to an indefinite term not to exceed seven years. The Parole Board set his minimum period of incarceration (MPI) at four years. Petitioner contends that the MPI was illegally imposed in that it exceeds the guidelines for an MPI, the reasons for its imposition are insufficient, it is based on erroneous information, and mitigating factors were not considered by the board. It is beyond challenge that the board may impose an MPI, pursuant to

subdivision 1 of section 259-i of the Executive Law and 9 NYCRR 8001.1, in excess of that which a sentencing Judge could have imposed so long as a written explanation of its reasons for departing from the guideline is included (*Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69). The board, in establishing petitioner's MPI at 48 months, submitted the following explanation: "You are convicted of a serious crime, attempted use of a child in a sexual performance. Your record indicates a long history of sexual involvement with young boys and serious sexual problems. You require extensive psychiatric care and treatment to deal with this problem." In addition, the board indicated several elements justifying the MPI: multiple victims, bizarre nature of the offense, offense included sexual abuse, the victim was particularly vulnerable, and a pattern of similar offenses. These reasons are legally sufficient when measured against similar precedent (*Matter of Qafa v Hammock,* 80 AD2d 952). Petitioner was given an opportunity to present mitigating factors to the board. Also, we find no basis in the record to support petitioner's contention that the board acted on erroneous information. Petitioner has failed to make a showing that the board's decision amounted to "irrationality bordering on impropriety" (*Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77, *supra*). Failing this, the board's expertise in fulfilling a difficult function must prevail. Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.