■ In the Matter of GJELOSH VUKSANAJ, Appellant, v EDWARD HAMMOCK, as Chairman of the New York State Board of Parole, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered September 28, 1982 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed petitioner's application to annul a determination of respondent New York State Board of Parole which established petitioner's minimum period of imprisonment at 48 months. Petitioner seeks review of the determination of the New York State Board of Parole which set his minimum period of imprisonment (MPI) at 48 months upon his conviction for criminal possession of a weapon in the third degree, for which he was sentenced to an indeterminate sentence of seven years. He alleges that the board failed to properly perform its duties as set out in section 259-i of the Executive Law and 9 NYCRR 8001.2. The incident giving rise to petitioner's conviction involved an altercation between petitioner and one Angel Niteo. Niteo was shot to death and a six-year-old child was also wounded by shots fired by petitioner during the melee. Petitioner was found not guilty of the charges of murder, manslaughter, assault and criminal possession of a weapon in the second degree, all stemming from the incident. Petitioner contends that the board illegally set an MPI of 48 months by superimposing its own judgment over that of the acquitting jury and punishing him for the crimes of which he was found not guilty. The setting of an MPI is a matter committed to the discretion of the board. If it exceeds its guidelines, it must set out its reasons for such deviation. The board in the instant matter stated its reasons as follows: "Above the guidelines due to involved weapon usage, multiple victim involved, use of excessive violence against persons, victim was particularly vulnerable, caused death of victim". We conclude that the MPI was well within the board's discretion and was clearly based on the charge for which petitioner was convicted. The board's reference to the fact that petitioner caused the death of one victim and its consideration of the fact that he wielded a gun and injured a vulnerable young child in the incident did not

equate to a finding that petitioner was accountable for the crimes of which he was acquitted (*Matter of Qafa v Hammock*, 80 AD2d 952). The reasons given by the board for establishing petitioner's MPI were sufficiently detailed. Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.