■ In the Matter of WILLIAM GANCI, Appellant, v EDWARD HAMMOCK, Respondent. — In a proceeding pursuant to CPLR article 78 to compel the Commissioner of the New York State Board of Parole to release petitioner on parole, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Aldrich, J.), dated June 18, 1982, which dismissed the proceeding on the merits. Judgment affirmed, without costs or disbursements. In March, 1979, petitioner was sentenced, *inter alia,* to concurrent indeterminate terms of imprisonment of 12½ to 25 years upon his conviction of multiple counts of robbery in the first degree. These convictions arose out of two separate robberies committed by petitioner while he was on parole from a prior robbery conviction. The court specified that the 1979 sentences were to run concurrently with the prior sentence. As a result, the time served by petitioner under the undischarged sentence, over nine years, was credited against the minimum terms of the concurrent sentences (see Penal Law, § 70.30, subd 1, par [a]), and petitioner therefore became eligible for parole release consideration in September, 1981 (Executive Law, § 259-i, subd 2, par [a]; 9 NYCRR 8002.2 [a]). However, the board denied parole release at that time, giving as reasons

the serious nature of the offenses, the fact that those offenses were committed while petitioner was on parole for a similar offense, petitioner's extensive criminal record, and the board's view that his release at that time would be contrary to the best interests of society. The board specified that petitioner's parole release would be reconsidered in September, 1983. Petitioner thereafter instituted this proceeding to compel the board to grant his release on parole. The Supreme Court dismissed the petition, rejecting each of petitioner's contentions. For the reasons that follow, we affirm. First, the board did not err in scheduling petitioner's reconsideration for parole for September, 1983. The board is required by law to specify a date not more than 24 months from its determination for reconsideration (Executive Law, § 259-i, subd 2, par [a]; 9 NYCRR 8002.3 [c]), and the date specified by the board in this case was therefore timely. Petitioner also argues that he was entitled to be released on parole in September, 1981, under the guidelines established by the board for minimum periods of imprisonment (MPI) and release decisions (9 NYCRR 8001.3). Under those guidelines, an inmate's prior criminal history and the severity of his present offense are each assigned a numerical value, and those values are then utilized to arrive at a guideline range of time to be served before release (9 NYCRR 8001.3 [b]). In the case at bar, the board determined petitioner's guideline range to be 40 to 50 months. At the time of his parole release interview in September, 1981, petitioner had served only 37 months of his current sentences. Nevertheless, petitioner contends that since he had been credited with over nine years against the minimum terms of those sentences by virtue of the time served under the concurrent previously imposed undischarged sentence, he was entitled to a similar credit against the 40 to 50 month guideline range, which would have made him eligible for immediate release at the time of his initial interview. However, this argument rests upon a basic misconception regarding the purpose and effect of the guidelines. The board's parole release decisions are discretionary (Executive Law, § 259-i, subd 2, par [c]; 9 NYCRR 8002.1; *Matter of Delman v New York State Bd. of Parole,* 93 AD2d 888), and the guidelines are intended to structure the board's discretion with respect to such decisions (Executive Law, § 259-c, subd 4; 9 NYCRR 8001.3 [a]). Thus, the board may in its discretion fix the MPI outside the guideline range or deny parole release to an inmate who has served time in excess of the guideline range, so long as it sets forth its reasons for doing so in sufficient detail (9 NYCRR 8001.3 [c]; *Matter of Vuksanaj v Hammock,* 93 AD2d 958; *Matter of Pina v Hammock,* 89 AD2d 799; *Matter of Maciag v Hammock,* 88 AD2d 1106). Therefore, even if it were to be assumed, *arguendo,* that petitioner was entitled to credit against the 40 to 50 months, and, consequently, that the board's decision caused him to serve time in excess of the guideline range, the reasons given by the board in support of its decision were sufficient to justify its departure from those guidelines. Moreover, we do not accept petitioner's argument that the credit should have been applied against the guideline range. Nothing in the statute or regulations suggests that the credit be applied in this manner, and it appears that to do so would cause distortion of the guidelines and impairment of their usefulness in making rational and sound parole release decisions. In this case, had the nine-year credit been applied against the 40 to 50 month guideline, and had that guideline been followed, petitioner would have been released on parole at the initial interview, at which time he had served only 37 months of concurrent 12½ to 25 year sentences. In view of petitioner's extensive criminal history and the severity of his offenses, application of the guidelines in this manner would have brought about a result that would be incompatible with the welfare of society and would so deprecate the seriousness of petitioner's crimes as to undermine respect for law (Executive Law, § 259-i, subd 2, par [c]; see, also, 9

NYCRR 8002.1). Petitioner became eligible for parole release over nine years earlier than he would have had he completed his sentence prior to committing the two most recent bank robberies. Thus, petitioner received an enormous benefit by virtue of having committed the additional robberies while still on parole, a benefit to which he would not be entitled under present law (Penal Law, § 70.25, subd 2-a; L 1978, ch 481, § 23, eff Sept. 1, 1978). We decline to confer an additional benefit by construing the board's guidelines in the manner proposed by petitioner. The fact that an inmate is entitled to credit for time served on an undischarged sentence against the minimum term of a newly imposed sentence may entitle him to earlier parole release considera-tion (Executive Law, § 259-i, subd 2, par [a]; 9 NYCRR 8002.2 [a]); however, it does not entitle him to earlier parole release (*People ex rel. Maggiore v Reid,* 84 AD2d 583; mot for lv to app den 55 NY2d 604). Finally, we find that the reasons set forth by the board for denial of parole were amply supported by the record and satisfied the board's obligation under the statute. Since the board's decision was made in accordance with statutory requirements, petitioner is challenging a discretionary determination which is not subject to judicial review (Executive Law, § 259-i, subd 5; *Matter of Bacon v Hammock,* 96 AD2d 557; *Matter of Delman v New York State Bd. of Parole, supra*). Titone, J. P., Gibbons, Bracken and Rubin, JJ., concur.