■ In the Matter of JOHN P. DAVIS, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Parole which, after a hearing, denied petitioner release on parole, petitioner appeals from a judgment of the Supreme Court, Westchester County (Beisheim, J.), dated February 10, 1984, which denied the application.

Judgment affirmed, without costs or disbursements.

It is well established that the Division of Parole's release decisions are discretionary, and if made in accordance with the statutory requirements, such determinations are not subject to judicial review *(see, Matter of Ristau v Hammock,* 103 AD2d 944; *Matter of Harden v New York State Bd. of Parole,* 103 AD2d 777; *Matter of Ganci v Hammock,* 99 AD2d 546, 548; *Matter of Delman v New York State Bd. of Parole,* 93 AD2d 888; *Matter of Abrams v New York State Bd. of Parole,* 88 AD2d 951). The reasons set forth by the Division of Parole for denying parole release to petitioner (the serious nature of the offense, the circumstances surrounding his conviction, the fact that petitioner was a persistent and serious past offender, the fact that at the time of the offense petitioner had been on parole from a sentence for a prior offense for only eight months, and the fact that petitioner had previously violated parole conditions) were all supported by the record and satisfied its obligation under the statute (Executive Law § 259-i [1] [a]; [2] [c]; *Matter of Harden v New York State Bd. of Parole, supra; Matter of Delman v New York State Bd. of Parole, supra: Matter of Lynch v New York State Div. of Parole,* 82 AD2d 1012; *Matter of Qafa v Hammock,* 80 AD2d 952; *Matter of Shapiro v Hammock,* 67 AD2d 713). Petitioner's claim that the Division of Parole failed to consider his institutional record and release plans failed to overcome the presumption that it properly complied with its statutory duty *(see, People ex rel. Herbert v New York State Bd. of Parole,* 97 AD2d 128, 133; *Matter of Mackall v New York State Bd. of Parole,* 91 AD2d 1023; *Matter of Maciag v Hammock,* 88 AD2d 1106; *Matter of Qafa v Hammock, supra).* "The fact that the board did not discuss each factor with petitioner at [his] hearing does not constitute convincing evidence that it did not consider them" *(Matter of Mackall v New York State Bd. of*

*Parole, supra,* at p 1024). Lazer, J. P., Mangano, Gibbons and Weinstein, JJ., concur.