■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR WILLIAMS, Appellant, v DIANE HOLFORD, as Inmate Records Coordinator of Sullivan Correctional Facility, et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered January 5, 1989 in Sullivan County, which, upon converting petitioner's application for a writ of habeas corpus into a proceeding pursuant to CPLR article 78, dismissed the petition.

Petitioner had been released on parole on March 18, 1986 while serving a 10-to-20-year sentence of imprisonment imposed for a 1975 conviction. He was arrested in September 1986 and charged in two separate indictments with a total of 35 counts of robbery in the first degree, five counts of attempted robbery in the first degree, one count of assault in the second degree and one count of burglary in the first degree. His attorney negotiated a plea bargain pursuant to which petitioner would plead guilty to all of the charges in indictment No. 9435-86 and receive concurrent prison sentences of varying terms, the greatest of which would have a minimum of 9 years and maximum of 18 years.

In addition, petitioner agreed to plead guilty to the single count of burglary in the first degree charged in indictment No. 8572-86 and receive a prison sentence of 6 to 12 years. The plea bargain further provided that the aggregate concurrent sentences for convictions under the first indictment would be consecutive to the separate sentence of 6 to 12 years on the second indictment, so that the terms of imprisonment for the

1987 convictions under the two indictments would result in a minimum of 15 years and maximum of 30 years. Finally, the plea bargain provided that the 15-to-30-year prison term would be consecutive to petitioner's unexpired delinquent parole time. These sentences were in lieu of possible individual consecutive sentences as a violent predicate felony offender to terms of as much as 25 years to life on each of several convictions. Sentences in accordance with the plea bargain were imposed on July 8, 1987.

Petitioner has challenged respondents' computation of his minimum and maximum terms of imprisonment and his parole eligibility dates as shown on printed forms given to him. Supreme Court converted petitioner's "amended writ of habeas corpus" to a petition pursuant to CPLR article 78 to review respondents' computation of his time and credits; the court found the last computation (computer printout dated Mar. 14, 1988) to be correct and dismissed the petition. Petitioner appeals.

Petitioner contends that he is entitled to credit against the 15-year minimum in his new sentence for time served on his 1975 sentence. We disagree. Pursuant to Penal Law § 70.25 (2-a) and as explained to petitioner at his sentencing, his current sentences for the 1987 convictions run consecutive to the remainder of his undischarged 1975 sentence. His new parole eligibility date will occur after he has served his new minimum sentence and will not be extended because he had already served the minimum on the 1975 sentence. The new 15-year minimum is not reduced and no credit is due against that minimum because the new sentence is consecutive to the old sentence. Petitioner's reliance on *Matter of Ganci v Hammock* (99 AD2d 546) is misplaced.* The sentences at issue in *Ganci* were concurrent sentences, unlike those in this case. The net effect of the consecutive relationship of the old and new sentences is to extend petitioner's conditional release and maximum expiration dates, which respondents have correctly calculated.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.

---

* Petitioner in his brief mistakenly asserts there are two *Matter of Ganci v Hammock* cases. His reference to the citation as 471 NYS2d 630 is in reality the same case.