■ In the Matter of LARRY WILLIAMS, Respondent, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, Appellant. [783 NYS2d 413]—

Spain, J. Appeal from a judgment of the Supreme Court (Stein, J.), entered September 26, 2003 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving a prison sentence of four years to life based on his 1999 conviction for attempted criminal pos-

session of a weapon in the third degree (*People v Williams*, 288 AD2d 245 [2001]). He had been indicted on numerous charges, including attempted murder in the first degree, but pleaded guilty to attempted criminal possession of a weapon in the third degree in satisfaction of the indictment.

In 2002, petitioner made his initial appearance before the Board of Parole. He was given the opportunity at the parole interview to object to the accuracy of the incident as described in the presentence report, which stated that after the officer observed him with a gun, petitioner fled and fired the gun at the officer, who returned fire. Petitioner then allegedly tried to put the gun into a baby carriage before being apprehended. Before the Board, petitioner admitted to possessing a loaded gun and fleeing from police, but denied firing the gun or attempting to hide it in an occupied baby carriage. A review of the interview transcript reveals that the Board focused on the fact that petitioner was admittedly in possession of a loaded weapon while on parole, his extensive criminal history—petitioner's current sentence is his fifth New York prison sentence and the third involving illegal possession of weapons—his numerous parole violations and his failure to demonstrate that he intends to become a law abiding citizen. The Board denied petitioner's request for parole release, citing petitioner's alleged discharge of the gun at the officer while on parole, his "well-established" pattern of criminality, including violent behavior, frequent parole violations and "apparent disinterest in appropriate change."

After petitioner pursued an unsuccessful administrative appeal, he commenced this CPLR article 78 proceeding challenging the Board's determination. Supreme Court granted the petition and annulled the Board's determination, concluding that the Board improperly relied upon the fact that petitioner fired the weapon—a fact which petitioner denies and which was not a necessary element of the crime to which he pleaded guilty (*see* Penal Law §§ 110.00, 265.02 [4]). Respondent appeals, and we reverse.

It is well settled that judicial intervention in a parole determination "is warranted only when there is a 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Matter of Cox v New York State Div. of Parole*, 11 AD3d 766 [2004] [decided herewith]). We note as well that petitioner may not now challenge the accuracy of the information in the presentence report, as that issue "should have been raised before sentencing" (*Matter*

*of Sciaraffo v New York City Dept. of Probation*, 248 AD2d 477 [1998]; *see People v Harrington*, 3 AD3d 737, 739 [2004]; *Matter of Salerno v Murphy*, 292 AD2d 837, 837-838 [2002], *lv denied* 98 NY2d 607 [2002]). However, citing *Matter of Edge v Hammock* (80 AD2d 953, 954 [1981]), petitioner contends that by relying in part on the disputed fact that petitioner fired the gun, the Board improperly based its determination upon a crime of which he has not been convicted and denies committing.

We disagree. As the sentencing court imposed petitioner's minimum sentence, the Board was required to consider evidence of the seriousness of petitioner's offense, including his presentence report, in making its determination (*see* Executive Law § 259-i [1] [a]; [2] [c] [A]; *Matter of Silmon v Travis, supra* at 476). Apart from the single reference in the Board's decision to petitioner firing the gun, there is no indication that the Board held him accountable for a crime of which he was not convicted (*see Matter of Qafa v Hammock*, 80 AD2d 952, 952 [1981] [distinguishing *Matter of Edge v Hammock (supra)*]). The Board may consider all of the circumstances surrounding the conviction—including conduct for which petitioner has not been convicted—so long as some record evidence of such conduct exists in the record and it is not the sole basis for the Board's determination (*see Matter of Adelman v New York State Bd. of Parole*, 231 AD2d 791, 791-792 [1996]; *Matter of Lynch v New York State Div. of Parole*, 82 AD2d 1012, 1012-1013 [1981]; *see also Matter of Maciag v Hammock*, 88 AD2d 1106, 1107 [1982]; *Matter of Torres v Hammock*, 105 Misc 2d 1073, 1076 [1980]; *cf. Matter of Edge v Hammock, supra* at 954).

Here, "there is nothing in the record to indicate that the denial of petitioner's application was affected by an error of fact" (*Matter of Richburg v New York State Bd. of Parole*, 284 AD2d 685, 686 [2001], *appeal dismissed and lv denied* 97 NY2d 636 [2001]). Furthermore, in addition to the seriousness of the offense, the Board considered, as it must, other factors (*see* Executive Law § 259-i [1] [a]). Indeed, the Board's detailed decision did not focus on the disputed conduct but, rather, set forth a number of reasonable and appropriate statutory factors—such as, for example, his criminal history and dismal parole record—which clearly justify the denial of petitioner's parole application (*see Matter of Adelman v New York State Bd. of Parole, supra* at 792; *Matter of Lynch v New York State Div. of Parole, supra* at 1013; *cf. Matter of Edge v Hammock, supra*). Under these circumstances, we find no reason to disturb the discretionary determination that petitioner was not an acceptable candidate for parole release.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed, and petition dismissed.