■ In the Matter of JOSE PARMES, Appellant, v BRION D. TRAVIS, as Chair of the Board of Parole, Respondent. [792 NYS2d 881]—

Appeal from a judgment of the Supreme Court (Benza, J.), entered June 22, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying his request for parole release.

Petitioner is serving concurrent prison sentences of 8⅓ to 25 years and 16 years to life following his 1982 conviction of attempted murder in the second degree and murder in the second degree, respectively, for beating and stabbing his girlfriend to death and dropping his one-year-old daughter out a sixth floor

window. In April 2003, petitioner made his fourth appearance before the Board of Parole and again was denied parole release. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding to challenge the Board's determination. Supreme Court dismissed the petition and this appeal ensued.

In reviewing an inmate's request for parole release, the Board must consider various statutory factors (*see* Executive Law § 259-i [1]; [2] [c] [A]), but it is not required to give equal weight to or discuss every factor it considered in reaching its discretionary determination (*see Matter of Wan Zhang v Travis*, 10 AD3d 828 [2004]). Notwithstanding the Board's particular emphasis on the truly heinous nature of the crimes involved, the parole interview transcript, confidential material and the determination reveal, contrary to petitioner's contention, that the Board considered and specifically noted petitioner's positive rehabilitative factors in denying his request for parole release. Although petitioner had many positive achievements while incarcerated, it is well settled that "[d]iscretionary release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined" (Executive Law § 259-i [2] [c] [A]). Furthermore, it was appropriate that the Board consider the seriousness of the offense in making its determination (*see* Executive Law § 259-i [1] [a]; [2] [c] [A]; *Matter of Silmon v Travis*, 95 NY2d 470 [2000]; *Matter of Williams v Travis*, 11 AD3d 788 [2004]), and we are unpersuaded by petitioner's contention that the Board misconstrued or relied on erroneous information regarding the crimes for which he was convicted. Inasmuch as the record reveals that the Board considered all relevant statutory factors in reaching the determination, and there being no " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis, supra* at 476, quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), further judicial review is precluded (*see* Executive Law § 259-i [5]). Petitioner's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.