■ In the Matter of Luis Nunez, Appellant, v Robert Dennison, as Chair of the New York State Board of Parole, Respondent. [857 NYS2d 810]—

Appeal from a judgment of the Supreme Court (McDonough, J.), entered October 18, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving an aggregate prison term of 12½ years to life for his convictions of robbery in the first degree (three counts), robbery in the second degree (two counts) and criminal sale of a controlled substance in the second degree. The convictions stemmed from various incidents, including a series of gun-point robberies. During one of these robberies, petitioner's codefendant shot and killed a man. In September 2006, the Board of Parole denied petitioner's fourth request for parole release citing, among other things, the fact that petitioner

"expressed little remorse for [his] crimes despite the fact that an innocent person lost [his] life as a result of [his] and [his codefendant's] actions." When petitioner's subsequent administrative appeal was not timely decided, he commenced this CPLR article 78 proceeding challenging the Board's decision. Supreme Court dismissed the petition, prompting this appeal.

Petitioner claims that the Board relied on erroneous information and held him accountable for murder, a charge for which he was acquitted. We disagree. The Board accurately stated that during one robbery, a victim was killed. During the hearing, the Board discussed with petitioner the fact that his codefendant was convicted of murder. The Board is permitted to consider all of the circumstances of the instant offenses, which may include conduct for which petitioner was not convicted, "so long as some record evidence of such conduct exists in the record and it is not the sole basis for the Board's determination" (*Matter of Williams v Travis*, 11 AD3d 788, 790 [2004]; *see Matter of Lynch v New York State Div. of Parole*, 82 AD2d 1012 [1981]). Here, the record reflects that the Board also considered the relevant statutory factors, including the seriousness of the instant offenses and petitioner's lengthy criminal history and history of drug addiction, as well as his positive institutional programming, lack of any recent disciplinary infractions and his plans for release (*see* Executive Law § 259-i [2] [c] [A]; *Matter of Williams v Travis*, 11 AD3d at 790). Under the circumstances presented, petitioner has not demonstrated that the Board's decision was affected by "irrationality bordering on impropriety" (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]) and, thus, it will not be disturbed.

To the extent preserved, petitioner's remaining contentions have been considered and found to be without merit.

Peters, J.P., Spain, Kane, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.